## MARCUS L. FULTON v. WILLIAM G. BAYNE.

It would seem that an acknowledgment by a Commissioner for the extension of titles, before a Notary or other proper officer, after the revolution, that his signature to a certain testimonio of title extended by him was his act and deed, and made for the purposes therein mentioned, properly certified by the officer, is a sufficient authentication to admit such testimonio to record, &c.

Where there was a concession of five leagues of land, dated the 15th of February, 1831, and in the power of attorney to select, obtain title and sell the land, and in all the other documents where the concession was mentioned, it was called a concession to the person named, of the 15th of February, 1831, for eleven leagues, or the number was not mentioned at all ; the question before the Court being as to the validity of the extension of title to two leagues under said concession, the Court held that prima facie the title to the two leagues was valid, notwithstanding the discrepancies between the number of leagues mentioned in the concession and the number recited in the subsequent papers.

Where the title from the Government, under which the plaintiff claims, is rejected, it is not necessary for him, in order to obtain a revision of such ruling, to put in evidence his deraignment of title, in order to exclude the conclusion that he may not have been prejudiced by the ruling.

Where a testimonio was filed Sept. 3d, 1849, and a sworn translation thereof March 5th, 1850, and appended to the testimonio was a certificate of its acknowledgment, by the Commissioner, before a notary in 1838, but no certificate of its being recorded in the county, and the cause not coming on for trial until the Spring Term, 1852, the testimonio and translation were rejected on a general objection to their competency and admissibility ; it was held that the ruling could not be sustained on the ground that the signature of the Commissioner (Special Commissioner) was not proved, and that the party had not brought himself within the provision of the Statute, that where a deed has been duly authenticated and recorded, and is filed three days before trial, and notice given to the adverse party, it may be introduced in evidence without further proof of its genuineness, unless, &c.

This case would seem to establish the rule, that where a bill of exceptions to the *exclusion* of evidence (there being no question as to such rule where the bill of exceptions is to the *admission* of evidence) does not specify the ground of objection, no objection will be heard in support of the ruling, which might have been answered or removed by other evidence to the Judge on the question admissibility.

Fulton v. Bayne.

Appeal from Brazos. Tried below before the Hon. R. E. B. Baylor.

Action of trespass to try title, commenced March 10th, 1846, by appellant against appellee. There was a statement of facts, showing that at the trial the plaintiff offered his title in evidence, that it was rejected, and that no other evidence was offered. The trial was at the Spring Term, 1852. Bill of exceptions by the plaintiff to the exclusion of his title, showing that he offered in evidence the original Spanish title and a translation thereof, "to the competency and admissibility of "which original title and translation, the defendant excepted ; "and the Court sustained the defendant's exceptions to said title "and translation, which title and translation are as follows :" Here followed the testimonio of the title to Thomas Jefferson Chambers, attorney of Alexander de la Garza, and a translation thereof, which is described in the statement of the case of Fulton v. Duncan *Supra*, p. 38, except that it was not copied beyond the extension of the title of the two leagues, on the Brazos, by the Commissioner Lewis. The Special Commission to Lewis was inserted between the permission of the Empresario and the application of Chambers to said Commissioner to extend title. In the application of Chambers to the Alcalde, of December 22d, 1832, in this case, he, in reciting the concession, calls it a concession of *eleven* (once) sitios, whereas in the copy of same document in Fulton v. Duncan he is made to call it a concession of *five* sitios. In the application to the Governor Vidaurri to appoint the Special Commissioner, and in the application to Commissioner Lewis to extend the title to the two leagues, part of which is in controversy in this suit, the number of sitios granted by the concession is not mentioned. The Commissioner, in extending the title, to the two leagues commenced as follows :

Citizen Ira R. Lewis, commissioned by the Supreme Government of the free State of Coahuila and Texas, by decree of the 28th of July, 1834, to put citizen Thomas Jefferson Cham-

bers, attorney of Alexander de la Garza, in possession of the eleven (once) sitios of land which he has bought from the same Supreme Government, by concession of the 15th of February, 1831, &c. The only place, therefore, in this document, where the concession was called a concession of five leagues was in the concession itself. As to the date of the concession, it perhaps should be here stated, that is always referred to as of the 15th of February, 1831. The petition of de la Garza, who it appears could not write his name, was dated at the village of Austin, December 2d, 1830, without his signature, but subscribed as follows : " Excellent Sir, I, Manuel de la Fuente, sign it at the request of the party ; Leona Vicario, 15th of February, 1831." Then followed the concession, without further date, except as follows : " A copy of the original which exists in the archives of the Secretary in my charge, whence this was ordered to be taken by direction of his excellency the Governor. Leona Vicario, 16th of February, 1831. Santiago del Valle, Secretary."

Attached to the testimonio was an authentication as follows :

Personally appeared before me Lualan D. Groais, Chief Justice and ex-officio Notary Public for the county of Matagorda, the above named I. R. Lewis and acknowledged the above signature to be his act and deed for the purposes therein mentioned. June 19th, 1838. Lualan Groais, [L. s.] Chief Justice and ex-officio Not. Pub.

Endorsed—Filed 3d Sep., 1849, Arthur Edwards, D. C. B. C.

There was copied into the transcript a notice to the defendant, of the filing of the original testimonio, and a copy of said notice ; they were both marked filed Sept. 3d, 1849 ; but there was no evidence that either was served.

The translation was a sworn translation by John Sayles, and was filed March 5th, 1850. The mistake of 1836 instead of 1831, in the first application to Commissioner Lewis, did not occur in the testimonio or translation thereof.

*Hancock & West* for appellant.   The Court erred in reject-
ing the title of Fulton which appeared  perfect  on  its  face—
without assigning a shadow of a reason.

The rule laid down by this Court, as to exceptions to testi-
mony is, that the objection  to  the  evidence  sought  to be ex-
cluded  must  not  be  general in its character, but  must be so
specific as to point to the  precise error relied on ;  it was the
duty of appellees, as it were to put their finger on the defect ;
the Court ought not to sustain an exception general, vague and
indefinite in its character.   This position is supported by repeat-
decisions.   (Houston v.  Perry,  5  Tex. R.  462 ;  Fowler v.
Stoneum,  6  Id.  60 ;   12  Smedes & Marshall,  161 ;  Cowen &
Hill's Notes, part 2, p. 792–5 ;  8 Wend. 109 ;  11 Wheat. 199.)

*White* and *Sayles,* also, for appellant.

*Lewis & Barber*, for appellee.   We might safely rest our-
selves on the well established rule, that this Court will consider
the adjudications of a Court of competent jurisdiction  correct,
until the contrary is shown ;  that he who seeks to reverse a de-
cision ought  to  point  out errors.

The act of Lewis as Commissioner professing to be a special
appointment for a particular purpose,  his  act  in  making  the
deed should have been proved.

It was incompetent  for  him  to make it evidence by a mere
acknowledgment long after his functions had ceased.

If the deed was not so authenticated  as  to  make  proof of
itself, it could not properly  be  admitted  to  record  without
proof, and the mere filing and notice was  not  sufficient to au-
thorize it to be read as evidence.   (Hart. Dig. Art. 745.)

The deed does not agree with itself.   The petition of De la
Garza asks for five leagues of land.   The decree of the  Gov-
ernor grants that and no more.   The grantee appointed an
agent to act for him in the location of  eleven  leagues.   Now
it may be that this was a mistake, but there is as much reason

for supposing it a different grant, or to a different person.   And
in the latter we are confirmed by the attorney, who represents
himself as the agent of De la Garza and J. Manuel Bangs.   In
his request to the Empresario of the Nashville Colony, he des-
cribes the grant as one for eleven leagues.   We do not pre-
tend that these discrepancies were such as to exclude proof ;
but we insist that without proof showing what was intended,
they ought not to have been read to the jury.

   In the concession on page 34 these remarkable words appear,
" I grant in sale to the petitioner, the five leagues of land which
he solicits, in the vacant lands of the State, in the place that
best suits him, after there have been marked out by the Com-
missioner of the Supreme Government, sufficient to pay what
the State pays in taxes to the Federation ; provided said lands
belong by no title to any corporation or individual."   Now
before this land was to be granted, two things were to be done.
The first was the marking out sufficient to pay the taxes to the
Federation.   The second was that the land must be found to
be entirely vacant.   The latter is certified to by the authori-
ties, but not so the former.   It was a condition precedent, or
rather it was a grant to take effect upon the happening of a
contingency.

   There does not appear to have been any notice of the deeds
served on the defendants or their counsel.   On page 12 there
is a notice (and copy of notice) addressed to defendant's coun-
sel; but the law requires them to be served with notice. (Hart.
Dig. Art. 745.)

   But if the Court did err in rejecting the deed, it makes no
difference, for it does not appear that any other testimony of
the plaintiff was in consequence left out, and his going to the
jury shows that he had all his other testimony in, and in the
statement of the facts we do not find that he had any right in
himself.   Now admit that there was a perfect grant to De la
Garza it does not show that the plantiff acquired any right to it.

   The case is different from one in which the Court rules out

Fulton v. Bayne.

material testimony, and the party in consequence thereof takes a nonsuit. Then we are bound to suppose, that if the rejected testimony had been received, the party would be able to perfect his case, but this presumption is rebutted by the fact that he presented apparently all the proof he had.

WHEELER, J. It does not appear by the bill of exceptions, or otherwise by the record, on account of what objection, or on what ground, the plaintiff's evidence of title was excluded. It was the original testimonio, which appeared to have been duly probated for record in 1838. The objection to its admission in evidence appears to have been general ; and as the bill of exceptions discloses no objection to the mode of its authentication or proof, and assigns no reason for its exclusion, we must suppose it was on the ground of its incompetency or insufficiency to prove title in the plaintiff.

But two grounds of objection to the validity of the title have been suggested in argument. The first is the same misdescription of the concession, in the power of attorney under which the final title was obtained, which was noticed and disposed of in the case just decided of Fulton v. Duncan ; and which does not require further notice here. The other is the reservation in the concession, of the right of the Supreme Government to select the land for the dues of the State. This objection, upon a similar reservation, was considered and disposed of in the case of Swift v. Herrera, (9 Tex. R. 263.)

The testimonio afforded evidence of a valid title in the grantee ; and it was error to reject it as incompetent evidence of title. It is said the plaintiff was not injured by the ruling of the Court, because he did not produce evidence of a conveyance to himself. But when evidence of the original title was rejected, it would have been an idle and useless thing to have offered evidence of the mesne conveyances. When the foundation of his evidence of title was thus swept away, he was excused from offering any other evidence. That was not necessary

to entitle him to a revision of the ruling of the Court, upon the admissibility of the original title under which he claimed.

Again, it is said the signature of the Commissioner was not proved, and there was not such notice of the filing of the deed, given to the opposite party or his attorney of record, as entitled it to be admitted in evidence under Article 745 of the Digest. There is, it is true, no evidence of the service of notice on the party, or his attorney. But notice was filed with the deed at the Fall Term of the Court, 1849, and the case was not tried until the Spring Term, 1852. It is scarcely possible that the deed and written notice could have been on file among the papers of the cause for such a length of time, during which, the record shows, the parties were taking proceedings in the case, without coming to the attention and knowledge of the party or his attorney. The Statute does not prescribe the manner in which the notice shall be given. If, therefore, the party, or his attorney, has notice, it will be sufficient : and the supposition that there was not notice in fact, in this case, would be too violent a supposition to indulge, when the objection was not made in the Court below. Had the objection been there taken, doubtless the record would have shown the fact of notice brought home to the party, or his attorney of record.

The only possible ground of objection to the admissibility of the testimonio, we can perceive, is that, though probated, or acknowledged for record, it does not appear whether it had been in fact recorded, so as to admit it in evidence without proof of the signature of the Commissioner, or other proof of its execution. But this objection has not been taken or suggested, either in the Court below, or in this Court ; and we must conclude that it could not justly be taken : that the deed had in part been recorded ; and if the attention of the Court or the party had been called to it by objection in the Court below, it would have been made so to appear to this Court. At all events, it is an objection of a character which we do not think this Court would be warranted in taking for the

party ; or which, if first taken by the party in this Court, ought to avail him to defeat the right of the opposite party, who had no opportunity to meet and obviate the objection. Had there been any objection taken below to the manner of the authentication of the title, the plaintiff might have met and supplied it by proof of its execution, or by other evidence.

We are of opinion that the Court erred in rejecting the plaintiff's evidence of title ; for which the judgment must be reversed and the cause remanded.

Reversed and remanded.