PAULINA D. WOOTEN AND OTHERS v. WILLIAM DUNLAP.

Where an exception is reserved to the admission of a deed in evidence, on the ground that the deed was not filed three days before the trial commenced, and notice thereof given to the adverse party, (as the statute, Hart. Dig. Art. 745, requires for the admission of deeds in evidence, without proof of execution,) it would seem that the import of the bill of exceptions must be taken to be that the execution of the deed was not proved, and that there was not other evidence before the Court sufficient to admit it.

The District Court has jurisdiction of a suit for partition, against the heirs of the husband, by one who has purchased the community interest of the wife at Sheriff's sale; but the plea to the jurisdiction did not show that the administration on the estate of the deceased husband was then open.

Wooten v. Dunlap.

Where some of the necessary parties are not named in the petition, but described as the heirs of, &c., and such parties are cited and appear and make defence, it cannot be objected on general demurrer, that they were not named in the petition.

Where the plaintiff claimed, by purchase, the interest of Paulina Wooten in the headright of her deceased husband, to wit: eleven hundred and seven acres; and alleged that there were the following heirs to said headright league, to wit: Paulina Wooten, widow, whose right, title and interest petitioner represents, &c.: it was held that the petition did not deraign title from said Paulina as heir of said Wooten, deceased, and that the plaintiff might prove, under the allegations of the petition, his purchase of her community interest.

Where an instrument has been mutilated or defaced by the unlawful act of a stranger, so that its identity is lost, the law regards it, so far as the rights of the parties are concerned, merely as an accidental destruction of primary evidence, compelling a resort to that which is secondary; and in such cases the mutilated portion may be admitted as secondary evidence of so much of the original.

Where a deed or other instrument is mutilated or defaced so that its identity is destroyed, its original tenor must be substantially shown, and the alteration or mutilation accounted for, in the same manner as if it were lost.

It is not necessary for a party to provide, by allegation in his pleadings, for the introduction of secondary evidence of a lost deed or record; it is only where it is a deed, and the party would plead it, that he must excuse the want of profert by an allegation that the deed has been destroyed.

Appeal from Brazos. Tried below before the Hon. John Gregg. Suit by appellee against appellants for partition, commenced March 17th, 1853. The petition alleged that plaintiff was the owner of all the interest of Paulina Wooten in and to that portion of the headright league granted by the Government to Thomas J. Wooten, deceased, who was, when in life, the husband of said Paulina, and which interest contains eleven hundred and seven acres, more or less, and to which petitioner is entitled by purchase and payment for the same heretofore made in terms of the law; that it was undivided; and that there are the following heirs to said headright league of land, to wit: Paulina Wooten, widow, whose right, title and interest your petitioner represents, and Martha J. Jones, Kitty Ann Darr, G. T. Wooten, J. B. Wooten, Thomas Wooten, George Wooten, and the heirs of Paulina D. McCarty, formerly Paulina D. Wooten, now deceased, who are entitled to the balance of said league of land; prayer for citation to all and for partition, &c.

A citation was issued for the heirs of Paulina D. McCarty,

and returned executed by serving James McCarty and Mary McCarty, each, with a copy of the within writ and a copy of the petition.

Counsel for defendants, generally, answered by general demurrer; plea that the Probate Court had exclusive jurisdiction of the subject matter; without showing that the administration of Thomas J. Wooten was open; general denial; and another special plea, not now important.

On the 25th of October, 1854, plaintiff filed an amendment professing to make his title deed X a part of the petition; but the deed did not appear to have been then filed, being marked filed March 2d, 1857. The demurrer and exception to the jurisdiction were overruled.

The statement of facts showed that plaintiff gave in evidence the headright grant of a league of land to Thomas J. Wooten, as a colonist of Austin's colony, in 1832; proved that said grantee and defendant Paulina were then living together as man and wife, and continued to do so until the death of the former, the date of which was not stated; proved a judgment against defendant Paulina in favor of plaintiff, in same Court, at Fall Term, 1845; execution, marked Exhibit B, issued Oct. 28th, 1845, returned "Came to hand Oct. 30th, 1545. Satisfied; March 3d, 1846. Robert Johnson, Shff. B. C.;" marked "Filed March 25th, 1846. H. Mitchell, Dep. Clk. D. C. B. C.;" deed without seal from Robert Johnson, Sheriff, to plaintiff, dated March 3d, 1846, reciting the said judgment and execution, a levy on the undivided interest of said Paulina in the headright of Thomas J. Wooten, advertisement, adjudication to the plaintiff, receipt of the purchase money, &c.; attested by two witnesses; acknowledged and recorded same day. Plaintiff also introduced Robert Johnson, who testified that he was Sheriff at the time the land was sold to plaintiff; that he levied upon the land and sold it to plaintiff under execution marked Exhibit B; that he believes the execution had been mutilated by having the lower part cut off; that, according to the best of his recollection, the levy and return were indorsed upon the execution; that he thinks they were indorsed by David M. Prendergast, at his request; that he did not remember whether the return of sale was indorsed upon the execution or not; that he believes the execution to have been on ordinary size foolscap paper; that, according to the best of his recollection, the levy was indorsed upon the lower part of the execution which has been cut off; that he did not make the indorsement of levy

upon the execution, but believes that Prendergast made it at his, witness', request, and that he believes he, witness, signed it as Sheriff.

The above was all the evidence. Verdict and judgment for plaintiff. In a paper, distinct from the statement of facts, and denominated a bill of exception, it was stated that the defendants excepted—

3d. To the ruling of the Court in permitting the plaintiff to read in evidence the deed of the Sheriff marked Exhibit X; because the same was not properly executed, was not a sealed instrument, and was not filed among the papers of the cause three days before the trial, nor legal notice given to defendants of the admission of the same as evidence.

4th. To the ruling of the Court in permitting the plaintiff to introduce Robert Johnson to testify to the mutilation of the execution, marked Exhibit B, and to prove a levy and sale of land; because there was no allegation in plaintiff's petition that the execution had been mutilated; that there had been a levy and sale of the land sued for, by the Sheriff; or that there had been any indorsement upon the execution, of the levy or sale.

The trial took place on the 3d of March, 1857.

*Lewis & Davis,* for appellants.

*Rogers,* for appellee. The Sheriff's deed was admitted because it was made a part of the petition, and had been among the papers for several Terms of the Court.

But it is also objected to it that it is not under seal. The deed was proved by the maker, Sheriff Johnson, and was only offered in evidence of his intention, and all the facts necessary to support the action were proved independent of the deed, viz. : The judgment, the execution satisfied, the levy and sale. (8 Tex. R. 416 and 37.)

The return on the execution, together with the admission in the deed, is sufficient evidence of the payment of the purchase money. (11 Tex. R. 62; see also 7 Blackf. 255; 10 S. & M. 246.)

WHEELER, J. It is unnecessary to revise all the errors complained of, as there is one which must be decisive of this appeal. The defendants objected to the admission in evidence of the in-

strument, intended as the Sheriff's deed, for the cause, among others, that it had not been filed three days before the trial and notice thereof given to the defendants. The objection appears to have been well taken. Such filing and notice were necessary to admit the instrument in evidence under Article 745 of the Digest. The date of the filing is but the day before the rendition of judgment, and no notice appears to have been given. The instrument was not otherwise proved, and it was not admissible under the statute as a recorded instrument, because of the failure to comply with the requirements of the law. There may have been evidence before the Court sufficient to admit it, but it does not so appear by the record, and we must therefore hold that it was erroneously admitted. Excluding the instrument, there is no evidence of title or right in the plaintiff; it was not proved that he paid the purchase money, or that he was the purchaser of the property. The recovery therefore in his favor cannot be maintained.

With a view to future proceedings in the cause, it may be proper to notice some of the other objections to the judgment. And it is objected that the District Court had not jurisdiction of the case. This question has been settled adversely to the appellants. (Ellis v. Rhone, 17 Tex. R. 131.)

Again, it is objected that the petition is insufficient. It ought to have stated the names of all the parties defendant, instead of describing some of them, as it does, only as heirs, &c., without giving their names. But the persons described as heirs appear to have been brought before the Court by the service of process upon them, and to have answered to the merits. It was not objected that the proper parties defendant were not before the Court, nor does it appear that there are other parties in interest who ought to have been made parties to the suit. The objection was not made by exceptions, and was not raised by demurrer. The Court did not err in overruling the demurrer.

Had the plaintiff undertaken to deraign his title, through Mrs. Wooten, the widow, as the heir of her deceased husband, there might have been good ground for the objection to the admission of evidence to establish her community right. But such was not the case. The plaintiff did not state in what manner her title was derived; but only that she had a certain estate or interest in the land, of which he is the owner. In stating the parties defendant, he describes her, inaccurately, perhaps, as one of the heirs of her deceased husband ; but that was mere matter

of description, and not an averment respecting the derivation of his title. Consequently it did not confine him to proof of a title derived from or through her as an heir of the original grantee.

The only remaining objection, which requires notice, is that which relates to the execution. It was objected to the testimony of the witness, who deposed to the mutilation of the execution and the contents of the part which was missing, that there was no allegation in the petition to let in this testimony. But that was unnecessary. Where an instrument has been mutilated or defaced by the unlawful act of a stranger, so that its identity is lost, the law regards it, so far as the rights of the parties are concerned, merely as an accidental destruction of primary evidence, compelling a resort to that which is secondary; and in such cases the mutilated portion may be admitted as secondary evidence of so much of the original instrument. Whether it be a deed or other instrument, its original tenor must be substantially shown, and the alteration, or mutilation accounted for, in the same manner as if it were lost. It is only where it is a deed, and the party would plead it, that he must excuse the want of profert by an allegation that the deed has been destroyed. (1 Greenl. Ev. Sec. 566.) It would have been better to have accounted for the mutilation of the instrument; and there would have been the greater necessity for such evidence, if it had been a private instrument, and not a paper which belonged to the official custody of a public officer. But the evidence was not objected to on this ground. It was competent, without an averment of the fact of mutilation, to produce so much of the instrument as remained, and prove the contents of the part which was missing in the same manner as if it were lost. There was therefore no error in admitting the evidence. But because the Court erred in admitting the instrument called the Sheriff's deed, the judgment is reversed and the cause remanded.

Reversed and remanded.