ANDREW TIPPETT, ADM'R. v. L. G. MIZE ET AL.

Sales by an administrator must be made in the manner provided by law, and if made at a place and time other than those prescribed by the statute or decree, they are not only irregular, but void.

The 64th section of the act relating to the estates of deceased persons reads as follows: "Whenever, in a will, power is given to an executor to sell any property of the testator, no order of the chief justice shall be necessary to authorize the executor to make such sale; and when any particular directions are given by a testator in his will respecting the sale of any property

belonging to his estate, the same shall be followed, unless creditors or heirs may thereby be prejudiced in their rights." (Paschal's Dig., Art. 1324, Note 496.) But the power here given must be exercised by the executor himself, and cannot be delegated by the administrator with the will annexed.

An administrator with the will annexed derives his power to sell property from the general law, and not from the will. (Paschal's Dig., Arts. 1269, 1274.)

Where an administrator with the will annexed, in July, 1863, sold a slave in the manner authorized by the will, but without any decree of the court directing such sale, and the purchaser took the slave into his possession, and held him until freedom was consummated, in May, 1865, it was *held*, that the title did not pass; that the sale was void; and it having become impossible, by a *vis major*, to return the negro, the plea of failure of consideration was a good bar to the action.

APPEAL from Panola. The case was tried before Hon. M. D. ECTOR, one of the district judges.

Burnell Benton died in Panola county, Texas, having made a last will and testament, in which executors were named, who probated the will, but did not qualify. The appellant was appointed administrator with the will annexed, and gave bond. The will provides that the property of the testator should be sold at his residence on credit, after giving certain notices, and that the probate court should exercise no authority over the estate. The administrator sold the property as directed by the will, without any order of the probate court, and made no report of that sale to that court. Mize, one of the appellees, purchased one of the slaves of that estate, and executed the note to the plaintiff, as administrator, with the other appellees as sureties for the purchase-money. On this note suit was brought November, 1866. Mize took the slave into his possession, and kept him from the date of his purchase (14th July, 1863) until slavery was abolished, never having offered to return him to the administrator. The note was for $2,600, dated 14th July, 1863, due at twelve months after date, with ten per cent. interest after maturity.

The defendants plead a failure of consideration; that the note was given for the negro, Jerry, sold by the administrator without the order of the probate court, at a time and place contrary to law; that the sale was never approved by the court, and therefore it was void, and no title passed; that the negro, when sold, was free, having been made so by President Lincoln's proclamation in 1863; that in consequence of this proclamation and the laws of Congress, orders, &c., Jerry had asserted his freedom, on the 1st of May, 1865, and had left the possession of the purchaser; wherefore there was no consideration for the note; that the real understanding was, that the note was to be discharged in confederate notes, which, when the note matured, were only worth $1 for $30; and the answer was framed under the scaling ordinance of 1866. "Dollars" were inserted in the note; but it was plead that confederate treasury note dollars were intended. These pleas were all artistically framed. They were met by special exceptions, raising every legal point; and by a special replication, that the negro was delivered, and possession kept, and the negro never returned; that he was sold in accordance with the will of his testator, &c. The will authorized the *executors* to sell in the manner in which the sale was made.

On the trial, the plaintiff proved the note and a mortgage on the negro to secure the payment, as was intended by the will, and also the will, giving the power to the *executors* to sell, and the appointment of the plaintiff as administrator *pro tem.* It is proved that the consideration of the note was the slave; that the sale was made alone under the will, without any order of the court; and that the negro was delivered, and remained with Mize until slavery became extinct.

The court in effect instructed the jury to find for the defendants, if they believed that there was no judicial order of sale. The jury found a verdict for the defendants, and from the judgment for costs the plaintiff appealed.

The question was upon the correctness of the instruction.

*A. W. De Berry*, for the appellant, argued the case upon our statute regulating proceedings in reference to estates, O. & W. Dig., Arts. 711, 720, 746, 777, 778, which are the same articles cited in the opinion of the court. He also cited Langley v. Harris, 23 Tex., 546; Ogburn v. Ogburn, 3 Port., Ala., 127; Harbin v. Levi, 6 Ala., 399.

*William Stedman*, for the appellees.

DONLEY, J.—Burrell Benton, by his will, having disposed of his estate, and given particular directions as to the sale and distribution of it, provided that no other action should be had in the court in relation to the settlement of his estate than the probate and registration of his last will and testament, and the return of an inventory of his estate, directed that no bond should be required of his executor. An executor was named, and by a codicil another party was named as co-executor. On the decease of the testator, the parties named as executors appear to have declined to act under the will, and the appellant was appointed administrator of the estate of said decedent, with the will annexed, and gave bond as such. The sale of the negroes belonging to the estate was made by the appellant at the place and in the manner prescribed by the will, on the 14th of July, 1863, without any order of the court directing the sale or approving the same. That on the day of the sale the slave for which this note upon which this action is founded was given was purchased by and delivered to the appellee, who had said slave in his possession until slavery became extinct.

The defense which appears to have been mainly relied upon in the court below, and the only ground discussed in this court, is, that the appellant had no authority to sell the

slave without an order of court and at a time and place not authorized by law, nor was any account of the sale returned to and approved by the court, and thus the defendant did not acquire a title to said slave. Sales made by an administrator must be made in the manner provided by law. The statute has provided in what cases sales shall be made, and what acts are required to be done in order to give validity to such sales. It is said in Brown v. Christie, Tyler T., May, 1863, [27 Tex., 73,] that a sale by an administrator, at a place and time other than those prescribed by the statute or by decree, is not only irregular, but is in violation of law, and is therefore unauthorized and void.

In Peters v. Caton, 6 Tex., 554, it is said, that a sale by an administratrix, at a place and time other than those prescribed by the statute or by decree, is not only irregular, but is in violation of the law, and is therefore unauthorized and void.

It is clear from these authorities, that, if the sale was made without any order of court directing the sale to be made, and without any return of the sale being made to and confirmed by the court, it cannot be sustained, unless it be aided by the provisions of the will of Burrell Benton. By this will it is provided that the sale may be at the place at which the testator was residing at the time of his decease, upon a notice that is particularly provided for in the will.

Article 777 provides, that "whenever in a will power is given to an executor to sell any property of the testator, no order of the chief justice shall be necessary to authorize the executor to make such sale, and when any particular directions are given by a testator in his will, respecting the sale of any property belonging to his estate, the same shall be followed, unless creditors or heirs may thereby be prejudiced in their rights." [Paschal's Dig., Art. 1324, Note 496.]

If the sale had been made by the executors in this case

·under the authority given in the will and the law we have cited in pursuance of the authority contained in the will, it might have been sufficient to vest the title in the purchaser. A different question is presented when the sale is made by an administrator, who may have been an entire stranger to the testator, and in whom no trust or confidence had been reposed by the testator. This statute was considered in the case of Langley v. Harris, 23 Tex., 569, and it was there held, that "the section of the statute which gives the testator the right to insert such a provision in his will contemplates that the executor named will accept the trust confided to him. It is a special trust, which cannot be transferred to another by the trustee, or delegated to another by the county court. It confides in the discretion and integrity of a particular person, and if that person should fail to accept and exercise the trust, it is at an end. And, as in any other case where there is a will without an executor, the county court must appoint an administrator with the will annexed." (O. & W. Dig., Arts. 705, 714, 882,) [Paschal's Dig., Arts. 1269, 1274, Notes 466, 469.] This decree must be regarded as conclusive of the question involved in this case.

Dowling v. Duke, 20 Tex., 183, was a suit by defendant in error on a promissory note given by defendant in error with sureties, as the consideration agreed to be given for a tract of land purchased at administrator's sale, and averred that Duke, the administrator, had never made a return of the sale to the county court, nor had the court ever confirmed the sale of said land, as sold by said Duke, but that said Duke wholly failed and refused to comply with the requirements of the statute in regard to probate sales of land. The court said: "If the averments of the answer be true, the plaintiff has wholly failed to perform on his part the contract of which he is seeking to compel the performance by the defendants. It is quite too clear for argument, that he cannot enforce, by compelling the defendants to pay

the purchase-money, until he has performed, or shown a willingness and ability to perform, on his part."

In the case cited, it does not appear whether the plaintiff in error took possession of the property purchased. In this case it is shown that the the appellee took possession of and held the negro until he was released from slavery. This change in the *status* of the negro was sufficient to excuse the defendant from returning, or offering to return, the the negro to the appellant. If, by the act of government, the defendant was deprived of the power of returning the negro, it must be held that he cannot be required to perform an act which is prohibited by law. If there had been no change in the law of property in negroes who were before held in slavery, the sale by the appellant of the negro to appellee was insufficient to vest in the latter the title, and it must be held that the note was given without any sufficient consideration, and that the judgment was properly rendered in favor of the defendant, and it is

AFFIRMED.