## J. F. Trotti v. Hobby & Post.

1. SECONDARY EVIDENCE—PRACTICE. It is not error to admit parol evidence of the boundaries of a tract of land, which boundaries are described in a deed in the possession of the adverse party, who has been notified to produce the original.

2. AMENDMENT. Suit was brought to foreclose a mortgage which referred to a deed in the mortgagor's possession for the boundaries of the mortgaged premises, and the defendant had been notified to produce the original deed, and in absence of the original, the plaintiff had introduced parol evidence as to the boundaries as set out; when the defendant in his evidence read the *original* deed, whereby it appeared that the plaintiff's petition was insisting on foreclosure of the mortgage upon lands not included in it, and on ascertaining the fact for the first time, *Held*, it was not error to permit an amendment to be filed, disclaiming as to the excess, and limiting the prayer for foreclosure to the land actually included in the mortgage.

APPEAL from Jasper.    Tried below before the Hon. H. C. Pedigo.

Hobby & Post sued J. F. Trotti and Lewis H. Selig on a promissory note executed by Trotti to plaintiffs, secured by mortgage on eighty acres of land adjoining the town of Jasper, of which land Selig was in possession under a purchase from Trotti; judgment was asked for amount of the note and foreclosure. By amendment, July 22d, 1873, plaintiff set out the land by metes and bounds.

Defendants answered general denial, payment and release of the mortgage.

During the trial, on the third day, by leave of the court, the plaintiffs amended their petition " as to description of the land " mentioned in the mortgage."

On the trial plaintiffs read the note declared on and the mortgage upon " a tract of land in and adjoining the town of Jas- " per, Texas, containing eighty acres, more or less, purchased of " F. Hollman and wife, and known as the Trotti place," to secure the note.

F. Hollman testified (defendant having been notified to produce the deed from Hollman and wife to Trotti) that he sold a tract of land adjoining the town of · Jasper on the north, containing about eighty acres, to defendant, Trotti ; that the boundaries of. the land were the same as those set out in the amended petition, filed 22d July, 1873.    On cross-examination witness stated that he made a deed for said land to Trotti at the time of his sale, and that said deed contained no other exceptions or reservations than as mentioned in said amended petition, filed 22d July, 1873, according to his recollection.

Defendant introduced evidence of shipment of cotton and hides, etc., by him to plaintiffs, and correspondence in support of the plea of payment.

Defendant then produced the original deed from Hollman and wife to Trotti, which was read, and thereby it appeared that other exceptions were made out of the tract than as described in the amended petition ; and that foreclosure was sought on lands not mortgaged ; whereupon, over exceptions of the defendant, and on 28th July (the trial having begun on 25th) the plaintiffs filed a second amendment conforming the description of the land to that given in the deed, instead of the boundaries as testified to by Hollman.

There was conflict of testimony as to the matters pleaded in payment.

Verdict and judgment for plaintiffs, and for foreclosure of the mortgage.    Trotti appealed.

*Lipscomb Norvel,* for appellant, cited Love & Chappell *v.*

McIntyre, 3 Texas, 10; Sayles' Prac., 549; 2 Parsons on Con
tracts, 632, 633 ; 1 Story's Eq. Jur., Sections 459*a*–459*g*.

*Jas. B. Morris*, also for appellant, cited Stroud *v.* Spring-
field, 28 Texas, 649 ; George *v.* Thomas, 16 Texas, 74 ; Dalby
*v.* Booth, 16 Texas, 565 ; McArthur *v.* Henry, 35 Texas, 801 ;
Matossy *v.* Frosh, 9 Texas, 610 ; Paschal's Digest, 54 ; Jen-
nings *v.* Moss, 4 Texas, 454 ; Croft *v.* Rains, 10 Texas, 523 ;
DeWitt *v.* Jones, 17 Texas, 620 ; 1 Hilliard on Mortgages,
485 ; 2 Hilliard on Mortgages, 458 ; Wallis *v.* Laney, 16 Ala-
bama, 738 ; 2 Washburn, Real Property, 178 ; Sherwood *v.*
Dunbar, 6 California, 53 ; Swain *v.* Seaman, 9 Wallace, 254 ;
Bronson's Ex'r *v.* Chappell, 12 Wallace, 682 ; 8 B. Monroe,
542 ; 2 Parsons on Contracts (5th ed.), 682–686 ; 1 Story's
Eq., Section 385.

*Hobby* and *Peeler & Fisher*, for appellees.

Divine, J. The errors assigned, the principal ones being
embraced in the bill of exceptions, will be considered, so far as
deemed material to notice, in the order in which they were
presented on the trial.

The first is that the court erred in overruling defendant's de-
murrer to plaintiffs' petition and amended petition. The gen-
eral demurrer of defendant was properly overruled. The peti-
tion states a good cause of action against Trotti ; it charges that
Seelig is in possession of the mortgaged premises under a pre-
tended conveyance from Trotti, with a prayer for citation to
the defendant, for judgment for the amount due, with the
usual prayer for a decree of foreclosure, and order of sale, etc.

The second assignment is that, " The court erred in overrul-
" ing defendant's motion to exclude the testimony of Hollman, a
" witness for the plaintiff as to his evidence."

Plaintiffs called the witness F. Hollman, who with his wife
had conveyed the mortgaged premises to defendant Trotti. In
the deed from defendant to plaintiffs he described the mort-
gaged premises as " a tract of land lying and adjoining the

" town of Jasper, Texas, containing eighty-one acres, more or
" less, purchased of F. Hollman and wife, known as the Trotti
" place."

Hollman was called to identify the tract, as the same land
which plaintiffs sought to subject to a judgment of foreclosure.
The bill of exceptions shows that defendant objected to the evi-
dence of witness, on the ground that the deed was the best evi-
dence, and that plaintiffs had not laid the foundation for the
introduction of secondary evidence.    The deed itself was un-
questionably the best evidence ; defendant, however, prevented
plaintiffs from giving it in evidence by retaining it in his own
possession ; and plaintiffs, on the 17th of July, eight days be-
fore the trial, laid the foundation for the introduction of secon-
dary evidence, by serving notice on defendant to produce the
deed on the trial, or secondary evidence would be given of its
contents.    The court properly overruled the objection to the
evidence.

There was no error in sustaining plaintiffs' exception to the
statements of defendant relative to the purchase of goods with
the two-thirds of the ten bales of cotton, sold in February,
1869, and with the knowledge of plaintiffs ; this evidence was
irrelevant, and could not legitimately have any influence on the
questions in issue before the court and jury, unless it were to
help in confusing the jury, or some portion of them.    The next
question presented is, was there error in the court permitting
plaintiffs to amend their petition after the parties had an-
nounced themselves ready for trial, and the plaintiffs and de-
fendant had closed their evidence?    It is shown by de-
fendant's bill of exceptions that the witness Hollman, in his
evidence, stated that in the deed from himself and wife to
Trotti, there was no other exception than the one mentioned
in plaintiffs' supposed copy of the deed.  After the plaintiffs had
closed their testimony, defendant entered on his, and having
called the witness Hollman, he presented to him for identifica-
tion the original deed, which Hollman recognized as the one
executed by himself and wife to defendant, who then read it

to the jury, and by which it was shown that before the sale to defendant a small portion of the land had been conveyed to another person. The plaintiffs then asked leave to amend, for the purpose of describing the tract according to the terms of the deed produced by Trotti, which was granted. Ordinarily, the granting leave to amend at such a time would be error; in the case as presented, however, we find no error; the proposed amendment, if it is to be considered as an amendment, was, at most, an irregularity; it did not operate to the prejudice of any defense known to the law, which the defendant could have set up to the case as then presented by plaintiffs. (Mattosy *v.* Frosh, 9 Texas, 611.) They sought to foreclose the mortgage and obtain an order for the sale of the tract conveyed to them in the mortgage-deed of defendant. The deed read by defendant showed that a less quantity of land was embraced in the mortgage than plaintiffs claimed; their deed contained no description, but referred to another deed which was in defendant's possession, and which, as already stated in this opinion, he had timely notice to produce, and which he failed to do. After plaintiffs had closed their evidence he then introduced it for the purpose of showing that the tract did not embrace as much land as they claimed. The so-called amendment was, in substance, equivalent to the plaintiffs saying: "Defendants show that we are not entitled to foreclose our mortgage on as large a tract as we supposed, and as the witness Hollman had stated in his evidence—a small tract had been previously sold to George W. Rose. We accept as true the statements contained in the deed read by defendants, and claim nothing more." This was not required as a portion of their pleadings in the suit. The paper filed by permission of the court was, in fact, a disclaimer of their right to foreclose, by virtue of their mortgage, the interest which belonged to Rose. It did not injure or affect any legal right or equitable interest of defendant's, and it was competent for the court to allow, under the existing circumstances, the plaintiffs to disclaim as to the tract owned by Rose. (Whitehead *v.* Foley, 28 Texas, 10.)

23

The assignments of error relative to the charge of the court, and the refusal to give the instructions asked by defendant, are not supported by an examination of the charge given and the instructions refused. The judge presented for the consideration of the jury all the questions raised by the pleadings, and to which any material evidence had reference. The instructions asked by defendant, and refused, where applicable, .were embraced in the general charge; instructions not resting on, or having reference to the evidence in the case, were properly refused.

We are satisfied that the verdict is according to the pleadings, and is not contrary to the evidence, and that the judgment is authorized and supported by the verdict. The plaintiffs sought to recover the amount of a note for one thousand dollars, with interest at ten per cent. from November 4th, 1867, with a foreclosure of the mortgage executed to secure the payment of the same. The jury found for plaintiffs, one thousand four hundred and seventy-three dollars and fifty cents, and that it was secured by the mortgage as described by plaintiff; and the court rendered judgment for the amount found against the defendant, Joshua F. Trotti, with the usual decree, foreclosing the mortgage, order of sale, etc. Of the amounts paid by defendant, Trotti, to plaintiffs, amounting in all to nine thousand or more dollars, he admitted that credit had been given him on his running account, with the exception of sixty-one dollars and three cents, which amount was admitted by plaintiffs to have been inadvertently omitted, and which was evidently allowed defendant as a credit on the note; the amount found being less than the face and interest, by the amount of the sixty-one dollars and three cents, and its interest. Whatever rights the defendant Selig may have, which, however, are not apparent, are not raised on this appeal, he makes no complaint, and there being no error, the judgment is affirmed.

Affirmed.