## No. 2570.

### ASA PENNINGTON *v.* IGNATZ SCHWARTZ.

1. PLEADING.—A petition in a suit to recover on a promissory note which contains no averment as to the time when the note was due, but which contains the general allegation that the note "remains still due and unpaid," being formal in other respects, is good on general demurrer.

2. EVIDENCE.—Six months before a certified copy of a deed was offered in evidence it was filed with the petition, but was not referred to therein. The petition alleged that the original was in the custody of the defendant, and gave him notice to produce it or secondary evidence of its contents would be offered on the trial. The defendant was its proper custodian. *Held*, that it was not necessary that the plaintiff should make affidavit that he could not procure the deed; the copy was admissible in evidence and only admissible under article 2257, Revised Statutes.

ERROR from Waller. Tried below before the Hon. W. H. Burkhart.

*T. S. Reese*, for plaintiff in error: The certified copy of the deed was admissible in evidence only by virtue of the statute, and under conditions imposed by statute. The statutory conditions must first be strictly complied with.

The statute makes no special provision for the introduction of secondary evidence to establish the execution and contents of an instrument in the possession of the adversary party, which he has been notified to produce. In such case the common law rules of evidence only can be invoked. Unless the party complies with the conditions of the statute in cases of instruments lost or destroyed, or otherwise beyond his power to produce.

At common law the naked certified copy of a private writing, such as a deed, is not admissible at all. By statute it is admissible only under certain clearly defined conditions. (Rev. Stats., art. 2257; Wiggins v. Fleishel, 50 Texas, 62; Rule 84, Rules of District Court; Hobby's Land Law, sec. 1645; Crayton v. Munger, 11 Texas, 235; Wooten v. Dunlap, 20 Texas, 185.

*Harvey & Brown*, for defendant in error.

GAINES, ASSOCIATE JUSTICE. This was a suit by appellee against the appellant to recover amount of a promissory note and to enforce a vendor's lien upon a tract of land for which it was alleged to have been given.

The first assignment of error is to the action of the court in overruling a general demurrer to the petition. It is here insisted that it is nowhere alleged that the note was due at the time of filing the petition. The date of the instrument is averred and that it bore interest from date, but the time of its maturity is not stated. It is, however, alleged "that said Pennington, though often requested, has never paid said note or any part thereof, except thirty-five dollars heretofore mentioned, but the same remains still due and unpaid." Upon general demurrer every reasonable intendment must be indulged in favor of the petition. (Rules of District Courts, 17.) The averment that a balance on the note was "still due" at the time of filing the petition is equivalent to saying directly that it was then due and impliedly that it had previously fallen due. It would have been regular to have alleged the time of the maturity of the instrument sued on, and if a special exception had been interposed pointing out the defect, it should have been sustained. But we think the petition good upon general demurrer, it being alleged that the note bore interest from date, its date, amount, credits and rate of interest being stated, and it being also averred that it was due, it was sufficiently described to identify it and to enable the court to enter a judgment for the exact amount due upon it.

During the progress of the trial the plaintiff offered in evidence a certified copy of a deed from one Pressler, the payee of the note to the defendant, which showed upon its face that the note was given for the purchase money of the land described in the petition. This copy was objected to by the defendant, but was admitted by the court. In this there was no error. The petition alleged that the original deed was in the possession of the defendant and gave him notice to produce it upon the trial, or that secondary evidence of its contents would be offered. The certified copy was filed with the petition, but was not referred to therein. The petition was filed on February —, 1887, and the cause was tried on the ninth of September. The certified copy was only admissible by force of the statute. (Rev. Stats., art. 2257.) But we think the statute was substantially complied with. The defendant was the proper custodian

of the deed and he had notice to produce it. It was not necessary that the plaintiff should make affidavit that he could not produce it. (Trotti v. Hobby, 42 Texas, 352.) The copy was filed among the papers more than six months before it was offered. Under such circumstances it is reasonable to presume that the attorney of record must have known of the filing of the copy, and that it was the purpose of the plaintiff to offer it in evidence in the event the original was not produced. (Fulton v. Bayne, 18 Texas, 50.) All the conditions of the statute which were intended to guard the rights of the opposite party having been substantially complied with, the plaintiff was entitled to its benefit.

A calculation of the interest due upon the note and a proper deduction of the credit shows that the judgment is excessive to the amount of about twenty-seven dollars and sixty-five cents. This was a mere mistake of calculation, and was not called to the attention of the court below. The appellee confesses the error and remits the excess. There being no other error the judgment as reduced by the remittitur will be affirmed at the cost of appellant. (Hoffman v. Bowen, 17 Texas, 507.)

*Affirmed.*