**JOHNSON et al. v. STICKNEY.**

No. 10830.

Court of Civil Appeals of Texas.
San Antonio.

April 30, 1941.

Rehearing Denied July 2, 1941.

———◇———

Richard T. Davis, Boyle, Wheeler, Gresham & Terrell, and Neil E. Beaton, all of San Antonio, for appellants.

Raymond, Algee & Alvarado and Herbert G. Davis, all of Laredo, for appellee.

SMITH, Chief Justice.

This action in trespass to try title was brought by E. H. Stickney against Roque Gonzales (joined by his mother and sister) and George W. Johnson to recover an undivided one-fourth mineral interest in Surveys 9, 11 and 125, and an undivided one-eighth mineral interest in Survey 12, in certain grants of land in Webb and Zapata Counties. For convenience, the first named group of defendants will be hereinafter referred to as "Gonzales." Gonzales filed a cross-action against his co-defendant and Stickney. Stickney recovered on a jury verdict, and Gonzales and Johnson have prosecuted appeals jointly in part, and separately in part as to Johnson. The Gonzales appeal will be first considered.

It appears from the record that on March 19, 1919, Gonzales' ancestors executed and delivered to one Vaughn B. Jones a mineral lease on the land here involved, which constituted a part of a 5,000-acre block included in the same lease. The owners of the land covered by the lease concluded to seek its cancellation. Its present status is not apparent from the record here.

On February 17, 1934, Gonzales entered into a contract with appellee, Stickney, whereby the latter became obligated, at his own expense, to institute within a reasonable time, and prosecute to a successful conclusion, such suit or suits as were necessary to effect a cancellation of the Jones lease on their half of the 5,000-acre tract covered by the lease. Stickney, not being an attorney, was authorized and obligated to employ and himself pay attorneys to prosecute such suit. It was provided in said contract that as consideration for Stickney's services in the undertaking, Gonzales would immediately execute in appellee's favor an oil and gas lease upon a one-half interest in said lands, which lease was to be deposited in escrow until Stickney filed said suit, when it should be delivered to him. Gonzales further agreed in said contract to execute a second and similar lease upon the remaining interest in said lands, to be placed in escrow until the successful conclusion of said litigation and then delivered to Stickney; and, further, it was stipulated that neither of said two leases should take effect until the original Jones lease had been set aside. Said contract between Stickney and Gonzales and the two leases therein provided for were executed and deposited in escrow as agreed.

Shortly afterwards, on April 23, 1934, Stickney procured the filing of the proposed suit to cancel the Jones lease, employing therefor Messrs. Pope and Pope, a firm of attorneys consisting of John A. Pope, Jr., and Bismark Pope, the latter being then and for two years theretofore attorney for Gonzales in other but related matters.

It appears, however, that Stickney purposely refrained from procuring issuance and service of process or otherwise taking any steps towards prosecuting said suit, as he was obligated to do, and the same was actually dismissed for want of prosecution on May 7, 1938.

On May 22, 1935, Gonzales entered into a further contract with Stickney, supplementing the prior agreement of February 17, 1934. It was recited in the supplemental agreement that although Stickney had instituted the suit, which he was obligated in the original agreement to file and prosecute to a successful conclusion, at his own expense and through attorneys of his own selection, he had been obliged to go to a greater expense in the matter than was at first contemplated; that he was "still desirous of prosecuting said suit to its determination," and, further, that all the parties were desirous of protecting their minerals under said land, and having same developed under a valid lease, wherefore, the original agreement of February 7, 1934, between the same parties was "re-affirmed" and "ratified," and thereby amended to provide that Gonzales execute to Stickney another lease covering the entire four surveys, instead of one-half thereof, as in the original lease. It is not deemed necessary to further describe said supplemental contract. Gonzales did thereupon execute and deliver such lease to Stickney.

The foregoing historical statement may be simplified with relation to the matters involved in this suit by pointing out at this juncture that in the trial court Stickney expressly disclaimed any and all rights which might have accrued to him under the above described original and supplemental contracts and the two mineral leases given to him upon the land by Gonzales. The disclaimer was well taken, for Stickney flagrantly defaulted in every obligation assumed by him in those contracts, and his conduct in the premises was such as to raise serious doubt of his good faith in any of his transactions with Gonzales and his associates.

Stickney's claim is for mineral interest in the land, under deeds from John A. Pope, Jr., and from Gonzales, respectively. On November 26, 1934, Gonzales conveyed to Pope an undivided one-fourth interest in the minerals in Surveys 9, 11 and 125, and thereafter, on April 20, 1935, John A. Pope, Jr., through Bismark Pope, his partner and attorney-in-fact, in turn conveyed an undivided one-eighth interest in the minerals to Stickney. Also, on May 22, 1935, Gonzales conveyed to Stickney an undivided one-eighth interest in the minerals in Surveys 9, 11, 12 and 125, through two deeds. By those conveyances Stickney acquired, and sought to recover in this suit, an undivided one-fourth interest in the minerals in Surveys 9, 11 and 125, and an undivided one-eighth interest in the minerals in Survey 12.

With reference to those conveyances, the jury found in response to special issues:

First: That in 1932 Gonzales employed Bismark Pope, law partner of John A. Pope, Jr., as attorney for Gonzales in estate matters, agreeing to pay for his services by conveyance of mineral interests in the lands involved here; that in pursuance of that agreement and in consideration of those services Gonzales did, by deed of November 26, 1934, convey to Bismark Pope's partner, John A. Pope, Jr., an undivided one-fourth interest in the minerals in Surveys 9, 11 and 125, as hereinabove stated.

Second: That on May 22, 1935, Gonzales conveyed to Stickney an undivided one-eighth interest in Surveys 9, 11, 12 and 125, for a money consideration.

Appellants have not questioned any of the specific jury findings, by direct assignment of error, but they insist by numerous assignments of error that the court erred in not directing a verdict in their favor and for judgment non obstante veredicto, upon their motions therefor. We have concluded that the trial judge properly overruled those motions, for this was essentially a jury case, and a jury being demanded, the court properly submitted the issues of fact for their determination.

Appellants Gonzales present their appeal on five propositions of law, but those propositions encompass only two ultimate contentions, the first, stated generally, being that the contract by which appellants employed appellee to file and prosecute the suit to cancel the Vaughn B. Jones lease was fraudulent on its face, and was barratrous and in violation of Art. 430, P.C., and for these reasons unenforceable; and, second, that these transactions being between attorney and clients, the conveyances to Stickney were presumed to have been procured by his fraud, which he failed to disprove, and were therefore void and unenforceable.

In their first proposition appellants assert that the contract by which Stickney became obligated to file and prosecute the suit to cancel the Vaughn B. Jones lease was void and unenforceable as in violation of the Texas Barratry Act (Art. 430, P. C.), because Stickney solicited the contract

and obtained it by promise of payment of a consideration therefor to the Gonzaleses. The proposition does not present reversible error, since appellants did not discharge their burden to elicit jury findings that Stickney solicited or promised to pay for the employment contracted for. The testimony at the most was conflicting upon those issues, and in the absence of jury findings it must be presumed that the trial court found against appellants thereon. Wichita Falls & O. Ry. v. Pepper, 134 Tex. 360, 135 S.W.2d 79.

The complaint is without force for the further reason that Stickney did not assert any right, or recover any judgment, under the objectionable contracts or upon the several leases, or either of them, executed in pursuance of the contracts; on the contrary, Stickney disclaimed as to all said rights and leases. That being so, it does not matter how or by what means or representation or devices Stickney procured the contracts, or the leases executed in pursuance thereof, for Stickney claims nothing, and disclaims everything, under those writings.

It is true that under their attack upon those contracts appellants claim that the deeds by which John A. Pope, Jr., and Gonzales conveyed certain undivided interests in the land involved to Stickney, and upon which Stickney recovered judgment for those interests, constituted parts of the tainted contracts and that, being so contaminated, those deeds are void and unenforceable. The record does not sustain that premise, for there was evidence, and a jury finding as well, that the mineral interest Stickney obtained through the deed from John A. Pope, Jr., was conveyed to the latter by Gonzales in consideration of prior legal services rendered to Gonzales by Bismark Pope (of Pope and Pope) in connection with the Gonzales estate, and that Stickney paid Pope a money consideration therefor; and that Stickney paid Gonzales a money consideration for the interest conveyed to him by Gonzales in the mineral deeds of May 22, 1935. Stickney asserts, and appellants deny, that he acquired those mineral interests through negotiations and considerations separate and independent from the tainted contracts. In view of another trial, and as there was no finding upon this issue, we will not pass upon the sufficiency of the evidence to require its submission or authorize an implied finding thereon.

The rule in this State is that agreements made between attorney and client in the course of that relation, whereby the former obtains a valuable right from the latter, are presumed to be prima facie fraudulent, and the burden to prove them otherwise is upon the attorney, by showing that he paid a full and fair consideration for the right. 5 Tex.Jur. p. 437, § 37, and authorities there cited.

Assuming for the moment and for the purpose of this decision, that Stickney occupied the relation of attorney for Gonzales, the jury found from sufficient evidence that he paid a money consideration to Gonzales for the two deeds by which he conveyed to Stickney an undivided one-eighth interest in the minerals in three of the surveys involved. The jury did not find, nor was the issue requested or submitted to them, as to whether this consideration was full or fair or reasonably adequate. We do not pass upon the sufficiency of the evidence upon this question.

With reference to the deeds by which Gonzales conveyed an undivided interest in the minerals in three surveys of said land to John A. Pope, Jr., who in turn conveyed that interest to Stickney, through deed executed by Bismark Pope, as attorney-in-fact, it seems sufficient to say that the jury found upon sufficient evidence that Gonzales conveyed that interest to Pope in consideration of legal services rendered by him in pursuance of an agreement made, apparently, when those services were begun some two years before the transactions here involved. If the contract was made at the inception of the prior employment, or at or before the present employment, it would not be tainted with the fraud which attaches by presumption to agreements made in the course of the relation of attorney and client. 5 Tex.Jur. p. 487, § 78.

We now consider that branch of the appeal prosecuted by appellant George W. Johnson.

The record shows that on September 30, 1934, prior to the transactions involved in this suit, Gonzales' predecessor in title conveyed the four surveys involved (with other lands) to M. H. Gossett in trust to secure an amortization note to the Federal Land Bank of Houston for $5,000. That deed of trust and its terms have become familiar to the jurisprudence of Texas through numerous appeals. Tom v. Ken-

edy Nat. Farm Loan Ass'n, Tex.Civ.App., 123 S.W.2d 416, 417; Hart v. McClusky, Tex.Civ.App., 118 S.W.2d 1077.

The record shows that before this controversy arose M. H. Gossett, the original trustee, died, and the mortgagee, the Land Bank, duly appointed A. C. Williams as substitute trustee in lieu of Gossett, and Williams was in that office when the matters here involved occurred.

It so transpired that Gonzales defaulted in the payment of some installments on the notes to the bank. Being unable to meet those payments and in fear of foreclosure by the Bank, Gonzales, by various considerations, induced appellant George W. Johnson to pay off those installments for the benefit of Gonzales, and to agree, in case of foreclosure upon them, to buy in the property and convey it to Gonzales when and if the latter reimbursed him for the amount of his outlay in the matter, as well as for other expenses. Johnson paid off the installments, taking the bank's assignment of the delinquent indebtedness and of the lien securing the same. In time, Johnson decided to foreclosure, and thereupon requested A. C. Williams, the incumbent substitute trustee, to sell the property in satisfaction of the lien insofar as same secured the indebtedness held by Johnson as assignee. Williams refused to act upon that request, but in so refusing expressly retained his power as substitute trustee to act in all other matters entrusted to him under his appointment. Upon Williams' refusal Johnson, as assignee of part of the debt and lien, himself appointed D. W. Styles as substitute trustee to make the sale, and Styles proceeded under that appointment to advertise, sell and convey the land to Johnson, the best bidder, subject only to the lien to secure the payment of the unpaid balance of the mortgage debt.

The parties appear to have briefed the case, and argued at great length, upon the theory that the trial judge held that the substitute trustee's sale was invalid, and that the conveyance thereunder to Johnson was therefore invalid. The record does not support this assumed premise. That sale and conveyance were upheld and given effect in the judgment rendered below. It is true that the court held and adjudged that the trustee's deed did not operate upon or cut off the mineral interest in the land acquired by Johnson through deeds from Gonzales, the mortgagor, and from Pope, prior to the sale but subsequent to the mortgage. The trial court held, and adjudged, that by that sale and conveyance Johnson took title to the land, in trust for Gonzales, subject not only to the mortgage lien to secure the unpaid balance of the mortgage debt, but also subject to the mineral interest previously acquired by Stickney. Presumably, this exception in favor of Stickney was given effect upon the theory that a mortgagor cannot by connivance with a third party effect a merger with his title as mortgagor by buying in land at foreclosure sale and thereby cut off a junior encumbrancer, a question we do not pass upon here. The point here is that the trustee's sale and conveyance to Johnson were not adjudged to be invalid below. If appellant's complaint is against that part of the judgment in which it was decreed that the court erred in excluding Stickney's claimed mineral interest in the land from the operation of the trustee's conveyance to Johnson, appellant should direct his complaint at that specific ruling.

■ Appellant Johnson's second proposition presents an anomalous situation. In that proposition appellant complains of the action of the trial judge in nullifying a purported "oil lease" given by Gonzales to Johnson "decreeing such a lease to be of no force and effect as to plaintiff's interest in the oil, gas and other minerals, when the validity of such a lease was not at issue in the case between any of the parties and plaintiff's interest was a mineral or royalty interest subject to any outstanding oil or gas lease." Johnson complains of that decree on the ground that appellee, Stickney, had neither pleaded nor proved the invalidity of such lease. It appears from the statement of facts that on cross-examination, Johnson testified generally, in effect, that in consideration of his paying (and procuring from the mortgagee the assignment of) delinquent installments on the mortgage note, Gonzales agreed to and did give him an oil lease on the land in controversy, and that he placed the lease of record. The lease, however, does not appear, in haec verba or in substance, in the statement of facts in this case, or at least it is not indexed therein, the parties have not referred to any record of it, and we have been unable to locate it after an exhaustive search. The result is that we are obliged to sustain Johnson's proposition. The lease in question not being before the court, and none of its provisions being known, it was impossible for the court to

determine its validity or invalidity and, that being so, it would seem to follow without question that there could be no basis for a judgment nullifying such instrument. There was nothing before the court to be determined and the court had no power to adjudicate the rights of the parties under the undisclosed instrument. We sustain appellant's second proposition.

In his third proposition appellant Johnson complains of the admission in evidence, over his objection, of a deed by which Gonzales conveyed to Johnson an interest in the minerals in the land involved. Johnson objected to the admission of the instrument on the ground, among others, that no predicate had been laid for its admission, in that no notice of intention to offer it had been given by appellee, the party offering it, as provided by statute. Art. 3726, as amended by the Acts of 1939, 46th Leg. p. 325, § 1, Vernon's Ann.Civ.St. art. 3726. The pertinent provisions of the statute invoked provide, in effect, that any duly and properly recorded instrument "shall be admitted as evidence in any suit in this State * * *; provided, that the party to give such instrument in evidence shall file the same among the papers of the suit in which he proposes to use it, at least three (3) days before the commencement of the trial of such suit, and give notice of such filing to the opposite party or his attorney of record; * * *." Appellee did not comply with any of those requirements as a predicate for introducing the instrument in evidence; he did not file the instrument with the papers in the case, or give any notice to appellants of any intention to introduce it in evidence upon the trial of the case, but offered it, and the court admitted it, without any advance notice, in rebuttal after appellants had closed their case without putting it in evidence. In short, appellee made no pretense of complying with the statutory requirements. We sustain appellant's third proposition, in which this question is presented here. Art. 3726, as amended, supra; Crayton v. Munger, 11 Tex. 234, 235; Wooten v. Dunlap, 20 Tex. 183, 184; Pennington v. Schwartz, 70 Tex. 211, 8 S.W. 32; Hinton v. Paving Co., Tex.Civ.App., 77 S.W.2d 733, writ refused; Miller v. Unsicker, Tex. Civ.App., 5 S.W.2d 624; Henry v. Bounds, Tex.Civ.App., 46 S.W. 120; Ellis v. Sharp, Tex.Civ.App., 47 S.W. 670.

Appellee pleaded, in only the most general terms, the execution of such an instrument, alleging that it was done for the purpose of slandering appellee's title, for which he prayed damages. He abandoned his claim for damages, however. He did not allege that he did not have possession of the original instrument, or that appellant did; he did not attach a copy of it, or allege it was lost; did not ask that appellants produce it, or give any notice, in his pleadings or otherwise, that in any event he would offer the original or introduce secondary evidence of its contents. He did not attempt to allege or prove any circumstance tending to excuse him from complying with the requirements of the statute in such cases. He takes the position that the error complained of, if there was error, was only technical and does not warrant reversal, but this Court cannot agree. The error was made in direct contravention of a mandatory statute, and being upon a material issue, requires reversal. The decree in the judgment annulling the mineral deed from Gonzales to Johnson rests upon the instrument improperly admitted. Since that evidence was improperly admitted, as herein held, there remains nothing in the record to support that decree, which must be set aside.

In the seventh paragraph of the judgment below the trustee's deed was given effect to convey the land to Johnson (subject to Stickney's mineral interest) in trust for Gonzales to the extent of the latter's interest as it existed "immediately prior to the trustee's sale upon" December 6, 1938, subject, however, to any lease Johnson held upon the land, "together with defendant Johnson's right to have the moneys he has heretofore advanced to defendant Margarita Gonzales de Benavides for her living expenses and for costs and expenses to the defendant Johnson in paying moneys to the Federal Land Bank of Houston, Texas, for taxes and property upkeep, and the expenses of litigation, etc., such moneys to be repaid out of the pasture rents and oil and gas royalties of the defendants Margarita Gonzales de Benavides, Amelia Gonzales and Roque Gonzales."

This decree giving Gonzales the right of redemption of the interest awarded Johnson in trust for Gonzales is too indefinite to render it effective, even if it does not deprive the judgment of the quality of finality, in that while it purports to require Gonzales to reimburse Johnson for the latter's outlays in Gonzales' behalf, it does not purport to establish the amount to be re-

**927**

paid to Johnson thereunder, or provide any limitation upon the time in which it is to be paid, or any penalty, or any alternative remedy for Johnson, in case of Gonzales' default in the payment of the obligation therein sought to be established against him in favor of Johnson. The decree is too indefinite to support enforcement.

Because of the errors discussed, the judgment must be reversed for all purposes, since the rights and equities of all parties are affected by those errors. Moreover, the evidence in the case, particularly with reference to the transactions between Stickney and Pope and Gonzales, is not satisfactory and should be more fully developed and findings thereon elicited upon another trial. The conclusions we have expressed in this opinion are without prejudice to the right of the several parties to fully develop the evidence upon all aspects of the case in another trial, and elicit findings upon the issues joined through that evidence.

Appellee has submitted a cross-assignment of error, but has not accompanied it with a sufficient statement from the record to present anything for review here.

The judgment is reversed and the cause remanded.