### HILL v. WALKER.†

(Court of Civil Appeals of Texas. Austin Dec. 20, 1911. Rehearing Denied Feb. 7, 1912.)

APPEAL AND ERROR (§ 1050*)—REVIEW—HARMLESS ERROR.

In an action to foreclose a vendor's lien notes where defendant was a nonresident of the county, and was served with plaintiff's original petition, wherein title deeds were described and alleged to be in defendant's possession and he was notified to produce them on the trial, or that secondary evidence would be offered to prove their execution and contents, and the attorneys entered into a stipulation the day before the trial that, to avoid the expense of certified copies, the records of the deeds might be introduced, the admission of such records, the deeds not being alleged to be forgeries, was harmless error, not warranting a reversal, even though certified copies were not filed in accordance with the statute; the statute being intended to give the opposite party an opportunity to attack the validity of such deeds.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 1050.*]

Appeal from District Court, Coleman County; John H. Goodwin, Judge.

Action by G. S. Walker against W. E. Hill and others. From a judgment for plaintiff, the first named defendant appeals. Affirmed.

This suit was brought by appellee to recover of Louis F. Alexander, as maker, upon four promissory notes alleged to have been executed in part payment of a tract of land described in appellee's petition, and upon which a vendor's lien is alleged to have been retained to secure the payment of said notes. Appellee alleged in his said petition that Alexander conveyed said land to J. W. Jolly, who assumed the payment of said notes; that Jolly conveyed said land to G. W. Johnson, who also assumed the payment of said

notes; that Johnson conveyed said land to E. E. Edwards, subject to the payment of said indebtedness; and that said Edwards conveyed said land to appellant Hill, subject to said indebtedness. There was judgment for appellee upon said notes against the defendant Walker, Jolly, and Johnson and a judgment foreclosing said vendor's lien. From said judgment an appeal has been prosecuted by appellant Hill only upon assignments of error indicated in the opinion.

Snodgrass & Dibrell, for appellant. Stone & Wade, for appellee.

JENKINS, J. (after stating the facts as above). 1. This cause was tried on Tuesday, November 15th. On the 14th it was made to appear by bill of exceptions that attorneys for appellant, Hill, and appellee, entered into an agreement to the effect that, in order to avoid the expense of obtaining certified copies of the deeds mentioned in appellee's petition and above referred to, appellee might use the record of such deeds. It is further made to appear that the agreement extended no further than that such record might be used in lieu of certified copies of said deeds. When said records were offered in evidence, the appellant objected to the same upon the ground that no certified copies of said deeds had been filed for three days prior to the trial and notice thereof given to appellant. It appears from said bill of exception that the appellant was a nonresident of Coleman county, for which reason he had been served with a copy of appellee's original petition, wherein said deeds were described and alleged to be in the possession of appellant, and he was notified to produce the same upon the trial of this cause, otherwise that secondary evidence would be offered to prove the execution and contents of said deeds. The statute provides that in order to introduce in evidence a deed which has been duly recorded, without proof of the execution of such deed, it shall be necessary to file the same with the papers of the cause three days before the trial, and to give notice of such filing to the opposite party. In the event the original is not in the possession of the party desiring to use the same, he may make affidavit to such fact and file certified copy of such deed in lieu of the original.

It is evident from the explanation to the bill of exception made by the judge trying this cause that he construed the notice given in the citation to produce the original deeds or secondary evidence would be offered as a sufficient compliance with the statute to give the three days notice required; and, as under the agreement the records were to take the place of certified copies, the case stood as if certified copies had been filed and notice given in the citation of the intention to use them. When the appellee gave notice, as he did in the citation, of his intention to offer secondary evidence, the appellee evidently understood that the evidence to be offered would be certified copies of such deeds. Though there may have been technical error, in view of the language of the statute, in permitting the introduction of the records, the evidence offered could not have been a surprise to appellant. The purpose of the statute in requiring three days notice is to permit the party against whom the copy of the record is to be offered to attack said deed as a forgery. There is no pretense that any of the deeds, record copies of which were offered in this case, were forgeries. The most that can be said as to the action of the court in admitting the record of these deeds is that a technical error was committed as to the introduction of evidence. It may be said that a fair trial, to which every one is entitled, is a trial according to the rules of law, but, when such rules as to procedure are not observed, in order that a case should be reversed, it ought to appear that there is some reason to suppose that a party has been injured in his substantial right by such technical violation of the rules of procedure. Not only is this not true in this case, but it is apparent that, if this case is reversed and remanded, the judgment will not be different upon another trial; that is to say, it is evident that, upon another trial, the technical notice of the intention to use certified copies will be given, and such certified copies will be filed for the requisite time with the papers in the case, or an agreement waiving such notice and filing will be obtained. The failure to do so in this case was evidently upon the theory that sufficient notice had been given, or that, in view of the agreement made, no objection would be raised to the introduction of said record.

Ought we to reverse and remand a case for a new trial in which it is reasonably certain that no different judgment will or ought to be rendered than that which was rendered? We think not, and for this reason, even if it be conceded that there was a technical violation of the rules of evidence in the admission of said deed, we hold that the same is not sufficient cause for reversing and remanding this case.

There are other assignments of error which are in our opinion without merit, and involve nothing new, for which reason the same are overruled without further comment thereon.

Finding no error in the record, for which appellant can properly ask that this case be reversed, the judgment of the trial court is affirmed.