AMERICAN EMPLOYERS' INS. CO. v. HUDDLESTON et ux.*

No. 9518.

Court of Civil Appeals of Texas. Galveston.
April 30, 1931.

Rehearing Denied May 21, 1931.

W. B. Handley and D. H. Hardy, both of Dallas, for appellant.

Brantly Harris and John David Watkins, both of Galveston, for appellees.

GRAVES, J.

Appellees, the owners of the property, upon a jury's verdict on special issues and the court's additional authority, recovered a $10,-185 judgment against appellant as his bond-giving surety and J. W. Woodruff, the contractor, as for the breach of a builder's contract by the latter for the erection of a residence for them on their land in the city of Galveston, $9,000 of the award being for what the jury found was the difference in value of the work as done and what it would have been had it been constructed in full compliance with the contract, the remaining

*Writ of error granted.

$1,185 for interest added by the court thereon at 6 per cent. per annum from the date of the architect's final certificate to the date of the judgment.

The contractor did not appeal from this adverse determination, but the insurance company complains against it here through 310 assignments, 93 propositions, and 305 pages of briefs and arguments, all flanked by 909 legal-sized typewritten pages of record, inclusive of the statement of facts. In view of the emergency-act of the now-functioning Legislature proscribing such imposition on appellate tribunals by cutting the briefs, if written, to 15 pages, it is hoped this may prove to be a swan song of protest against it.

█ None of these contentions, we conclude, should be sustained; the two substantive ones of them, "(1) that the surety was released from all obligations under the surety-bond because the owners violated the terms of the building contract in the payment both of the full amount of the contract-price before full compliance, and of the semi-monthly or installment estimates during the progress of construction, (2)· that the defendant contractor, in law, under all the facts, completed the job as well as the contract in full, hence was discharged from all further liability," rest in final analysis upon a misconstruction of the contract declared upon, as applied to the facts found on sufficient evidence to have attended it.

Indeed, neither of these elaborately and ably urged positions presented any defense, as we see it, to the cause of action that was in fact alleged and supported with sufficient proof by the appellees; what they sued and recovered for was damages—measured by the difference between the value of the work as actually done and what would have been its value if it had been done right—resulting to them from the use of such faulty workmanship and materials as necessitated the reconstruction of the building rather than its repair, none of which either appeared, or were or could have been discovered by the exercise of reasonable diligence on the architect's part, until after final payment of the contract price, under a building contract specifically making the contractor liable in such circumstances in these express provisions:

"Neither the final certificate nor payment nor any provision in the Contract Documents shall relieve the contractor of responsibility for faulty materials or workmanship, and, unless otherwise specified, he shall remedy any defects due thereto and pay for any damage to other work resulting therefrom, which shall appear within a period of one year from the date of substantial completion; * * * no certificate issued, nor payment made to the contractor, nor partial or entire use or occupancy of the work by the owner, shall be an acceptance of any work or materials not in accordance with this contract. The making and acceptance of the final payment shall constitute a waiver of all claims by the owner, other than those arising from unsettled liens, from faulty work appearing after final payment, or from requirements of the specifications."

So that, such being the reaches and result of the suit, and the contract itself thus expressly excepting faulty work or material out of the effect thereof, it seems idle for appellant to yet insist—there being no pretense of any fraud, misconduct, or bad faith on any one's part concerning them—that the admittedly made ad interim payments by the owners of also provided-for semi-monthly "estimates by the architect" of 85 per cent. of the labor and material supposed by him to have then gone into the work, increased ultimately to 90 per cent. on his like estimate of a substantial completion of the entire job, should be given the legal effect, not only of nullifying this explicitly stated and persisting responsibility notwithstanding of the contractor himself for such defects as were alleged neither to have appeared nor to have been known either by the architect or the owners until after final payment, but also of completely releasing it as his surety from seeing to it that he faithfully performed his undertaking in that respect. To merely state the position is to disclose that "it is not so nominated in the bond," under such authorities as Brin v. McGregor (Tex. Civ. App.) 45 S. W. 923; Da Moth & Rose v. Hillsboro Ind. School Dist. (Tex. Civ. App.) 186 S. W. 437; Essex v. Murray, 29 Tex. Civ. App. 368, 68 S. W. 736; Kilgore v. North West Texas Baptist Society, 89 Tex. 465, 35 S. W. 145; McKenzie v. Barrett, 43 Tex. Civ. App. 451, 98 S. W. 229; Rotsky v. Kelsay Lbr. Co. (Tex. Com. App.) 228 S. W. 558; Texas Fidelity & Bonding Co. v. Rosenberg Ind. School Dist. (Tex. Civ. App.) 195 S. W. 298; Texas Fidelity & Bonding Co. v. Elliott (Tex. Civ. App.) 195 S. W. 301; Welsh v. Warren (Tex. Civ. App.) 159 S. W. 106; Williams v. Baldwin (Tex. Com. App.) 228 S. W. 554; Wright v. Maddox (Tex. Civ. App.) 286 S. W. 607.

The cases cited by appellant as involving such overpayments in violation of the contract as released the surety plainly do not, we think, hold differently upon the legal equivalent of the same situation as here appears; in this instance, the contract, by necessary inference at least, makes the architect's certificates during the progress of the work conclusive as to everything except faulty workmanship and materials appearing within one year from the date of substantial completion, and neither the cause of action as averred nor the recovery allowed thereon had to do with anything else, wherefore, if the necessary findings of fact had sufficient

support, the controversy as affects substantive issues was ended.

█ When the evidence is looked to, there can be no deficiency on that feature either; while immaterial matters are included therein which we do not think affected the result one way or the other, the jury among other details found that there was neither full nor substantial compliance with the contract; that the defects could not have been remedied without impairing the structure as a whole, and without doing material damage to other parts of the building in tearing down and reconstructing; that the building was worth $11,000 as constructed, and would have been worth $20,000 on October 27, 1929, the date it was completed and final payment made, if it had been constructed according to the contract; that the architect did not verbally authorize any of the defective work to be done as it was, and that he could not have discovered the defects during the progress of the work by the exercise of ordinary care and reasonable diligence.

Of these, the last stated is the only one attacked as being without sufficient support in the testimony, but, when the statement of facts is examined, we find it fully substantiated; the main defects occurred in connection with the foundation footings, the stucco walls, the flashing, papering, and painting, which, being rapidly covered over at the time, were not apparent until cracks and leaks subsequently showed up, and the testimony further disclosed that not even the contractor himself, nor his subsidiaries under whom the work was carried out, knew of some of them for months afterwards.

Since, under the terms of the contract, the architect was in effect only made a supervising one rather than a building superintendent —for which latter the contractor himself was expressly required to provide and keep constantly on the job—the former was neither required to, nor did he, do more than exercise a general supervision over the work by periodical visits; in this state of the proof, it was a legitimate inference that the architect could not have so discovered the defects while being put in.

█ The court did not exceed its authority in adding 6 per cent. per annum interest subsequent to that date on the $9,000 difference in value as of October 27, 1927, which the jury found was the appellees' actual damage, exclusive of any interest, for the failure to construct the building according to contract, they having separately prayed for such damage and interest thereon; in the circumstances, the interest was properly allowed as a matter of law. Ewing v. Foley, Inc., 115 Tex. 222, 280 S. W. 499, 44 A. L. R. 627; Settegast v. Timmins (Tex. Civ. App.) 6 S.W. (2d) 425; Silberberg v. Pearson, 75 Tex. 287,

12 S. W. 850; Watkins v. Junker, 90 Tex. 584, 40 S. W. 11; Texarkana & F. S. Railway Co. v. Brinkman (Tex. Com. App.) 292 S. W. 860; Texas Mexican Railway Co. v. Canales (Tex. Civ. App.) 299 S. W. 668.

█ Neither has prejudicial error been made to appear as to any of the rulings complained of on procedural matters; obviously, under the conclusions already stated, the general and special exceptions to the appellees' trial pleadings, the motions for peremptory instructions, and the several requests for the submission of special issues, were properly overruled, and the same thing may be said concerning the refusal of appellant's application for a continuance; if for no other reason, that action was not an abuse of discretion, in view of the unexcepted to recitation of the bill of exceptions that appellant's counsel in advance agreed in open court to try the case on November 12, 1929, over a month before it was in fact reached, and that the witness whose absence was complained of appeared at the trial and testified for appellant.

Further discussion as to details is deemed unnecessary, since these conclusions comprehend what are deemed to be all the material questions involved. Believing that, under the pleadings and evidence, the justice of the cause was reached below, the judgment will be affirmed.

Affirmed.