## GULF, C. & S. F. RY. CO. v. MORROW.

### No. 2910.

Court of Civil Appeals of Texas. El Paso.
Nov. 29, 1933.

Rehearing Denied Dec. 21, 1933.

W. P. Donalson, of Dallas (Terry, Cavin & Mills, of Galveston, of counsel), for appellant.

Ely Straus, of Dallas, for appellee.

WALTHALL, Justice.

W. A. Morrow, as plaintiff, brought this suit at Dallas against the Gulf, Colorado & Santa Fé Railway Company to recover damages to his shipment of onions from Dallas, Tex., to Oklahoma City, Okl.

Defendant, railroad company, answered by general demurrer, special exceptions, and general and special denial. The demurrer and exceptions were overruled, and the case was submitted to a jury on special issues upon which the jury made findings which fully reflect the matters at issue between the parties.

Briefly stated, the jury found:

Plaintiff delivered to defendant at Dallas, Tex., 494 crates of onions, in good shape and without decay; at the time the onions were delivered to plaintiff at Oklahoma City they were in a damaged condition; the reasonable market value per crate of the onions in the condition in which they should have arrived in Oklahoma City, on October 7, 1931, was $3.50; when the onions arrived in Oklahoma City, they were in an unmarketable condition; it was necessary for plaintiff to employ extra help to unload the car of onions at Oklahoma City which plaintiff did at an expense of $5, and the extra hire of a truck at $10, and to have onions graded and sorted at the reasonable expense of $19.70; the reasonable market value of 100 crates of the onions at Tulsa, Okl., to which place the 100 crates were shipped for market, was $2.75 (apparently per crate); 83 crates of the onions were spoiled and worthless; when the shipment arrived at Oklahoma City, the remainder of the shipment (less the 100 and the 83 crates), were reasonably worth $3 per crate at Oklahoma City; defendant failed to transport the shipment of onions with due diligence and dispatch, and that such failure was negligence and the proximate cause of the damage to the onions; the difference between the reasonable cash market value of the onions at Oklahoma City in the condition in which they arrived, and in the condition in which they should have arrived but for the negligence on the part of defendant, was $496.

On plaintiff's motion, the court entered judgment in his favor for $496, and interest on said amount from October 7, 1931. Later, upon the court's order, plaintiff entered a remittitur of excess in the judgment in the sum of $15.30, whereupon the court reformed the judgment to conform to the amount remitted, and rendered judgment in the sum of $480.70, with interest thereon from October 7th, 1931.

From the judgment finally rendered, the defendant railroad company prosecutes this appeal.

### Opinion.

The following statement seems to us to be justified by the jury's findings:

Total number of crates of onions shipped, 494; Market value per crate in Oklahoma City, in which they should have arrived, $3.50;
Total number of crates found worthless, 83;
Number of crates sent to Tulsa, 100;

| | |
|---|---|
| Loss in market value of the 311 crates remaining in Oklahoma City, (excluding the worthless 83 crates and the 100 crates sent to Tulsa), | $155.50 |
| Total loss of the 83 crates at $3.50 per crate, | 290.50 |
| Total loss in onions, less expense, | $446.00 |
| Total expenses as found, | 34.70 |
| Total balance of loss, | $480.70 |

—for which judgment was entered, with interest from time of loss.

We think the findings of the jury are not "unintelligible and irreconcilable, and will not support a judgment based on market value of $3.00 per crate," as submitted by appellant.

Only three items of loss are carried into the judgment, viz., the 83 crates found to be worthless and a total loss; the 311 crates at a loss or decrease in value at Oklahoma City, of 50 cents per crate, as found; and the expenses which the jury found to be necessary and reasonable. The total value of the three items of loss aggregate the amount of the judgment. We find no irreconcilable conflict

in the findings of the jury, and need not discuss the rule applying to conflict of findings.

While the court submitted to the jury the matter of the value of the loss of the 100 crates sent to Tulsa, no loss of value of said crates is included in the judgment, except, possibly, a part of the value of the expense account.

■ If appellant was negligent in this interstate shipment in delay in handling the shipment, delivered in good condition, and appellee received the shipment in damaged condition at Oklahoma City, as found by the jury, and the loss as found resulted to appellee directly from such negligence, the court was not in error in granting appellee's motion for judgment.

■ Under the authorities, the burden of the issue of negligence in handling the shipment was with the appellant. Nabors v. Colorado & S. Ry. Co. (Tex. Civ. App.) 210 S. W. 276, 277; Panhandle & S. F. Ry. Co. v. Andrews (Tex. Civ. App.) 278 S. W. 478, and cases there cited; Rio Grande & E. P. R. Co. v. T. A. Austin & Co. (Tex. Com. App.) 25 S.W.(2d) 306, and cases there cited.

We have reviewed the evidence. The jury could well conclude therefrom that the shipment was in good condition when delivered for shipment, and in a damaged condition when delivered to appellee at Oklahoma City. Appellant has not offered evidence to rebut the good condition of the shipment when received, but apparently relied upon the issue submitted of inherent defects and qualities of the onions, which the jury passed upon and found against appellant's contention, under issue No. 23.

Without quoting the evidence, the jury could well conclude therefrom that the delivery to appellee of the onions at Oklahoma City was unnecessarily delayed.

■ The court was not in error in entering judgment for legal interest on the amount of the damages from the date the loss occurred. Appellee prayed for such interest. The findings fixed the items and date of the damage. Interest followed as a matter of law. American Employers' Insurance Co. v. Huddleston et ux. (Tex. Civ. App.) 39 S.W.(2d) 952; Ewing v. Foley, 115 Tex. 222, 280 S. W. 499, 44 A. L. R. 627; Settegast v. Timmins (Tex. Civ. App.) 6 S.W.(2d) 425.

■ There is no error in the court permitting appellee, without notice to appellant, to enter a remittitur of a part of the judgment. Texas Jurisprudence, vol. 3, p. 1183, § 831, and note.

Finding no reversible error, the case is affirmed.