David S. CULVER et ux., Appellants,

v.

STATE of Texas, Appellee.

No. 16013.

Court of Civil Appeals of Texas.

Fort Worth.

May 22, 1959.

Rehearing Denied June 19, 1959.

Charles V. Yeamans and Moise H. Simon, Bay City, for appellants.

Fred Holub, County Atty., Matagorda County, Bell, Camp & Gwin, and Lawrence P. Gwin, Bay City, for appellee.

RENFRO, Justice.

This was a condemnation proceeding brought by the State, by and through the Commissioners' Court of Matagorda County, against David S. Culver and wife. The State sought to condemn 8.76 acres of land for highway purposes across a tract of 211 acres owned by the Culvers. In the trial court judgment was entered for defendants for $876 for the land taken, and $876 as depreciation of the market value of the balance of the land. The Culvers have appealed.

Appellants contend the court erred in admitting into evidence a tax rendition statement signed by appellant Culver.

The statement was admissible as an admission against interest. Boyer & Lucas v. St. Louis, S. F. & T. Ry. Co., 97 Tex. 107, 76 S.W. 441; 16 Tex. Jur., p. 582, sec. 254; Medrano v. City of El Paso, Tex.Civ.App., 231 S.W.2d 514; Fort Worth & D. S. P. Ry. Co. v. Gilmore, Tex.Civ.App., 13 S.W. 2d 416.

In other points appellants allege error of the court in striking the testimony of witness Poole concerning the amount of damage to the land in question, and instructing the jury to disregard same. Poole's testimony that the remainder was damaged was not stricken and the jury was not instructed to disregard that portion of his testimony. The jury was instructed to disregard the percentage of damage as testified to by Poole. It is the better rule that it is not competent to ask a witness how much damage a party has sustained since this would be to put the witness in the place of the jury. State v. Carpenter, 126 Tex. 604, 89 S.W.2d 194. The record does not disclose that appellants were prevented from asking Poole the market value before and after, or of asking any other question concerning the value of the land. In our opinion appellants, even if the "percentage" answer were improperly excluded, have not shown that they were prejudiced thereby. Rule 434, Texas Rules of Civil Procedure.

Appellants' first two points of error contend the court erred in striking testimony concerning the adaptability and suitability of the land for rice farming and in the in-

struction to the jury to disregard the testimony of appellant Culver.

■ The appellant Culver was asked, "for what purposes has this land been used?" He answered, "It has been used for rice farm part of the time, and some of it has been used for grazing land, and years ago it was in rice." He indicated on a map what part of the land had been devoted to rice farming. The water for rice farming was brought down from the north "into this land I owned." He was asked, "Is it still suitable for rice farming?" He answered, "Yes, fine for rice farming", but since the road was built across his land "I am not able to get water into my land for rice farming * * * it is impossible to get water there." Except for the road construction he could flume water to the whole 211 acres.

On cross-examination appellee's attorney asked him what type of soil he had "up here" (indicating). Culver answered, "Sandy, good rice land", and later on, "it is all good rice land." About 70 acres of it had been rice-farmed. He testified that a prior farmer had rice-farmed and "went broke." He testified further that there was an irrigation system from which he could get water. He had applied for a rice allotment which was refused. The land had not been rice-farmed since his father owned it because his father was a cow man and did not want to grow rice, but since the property now belonged to him there was no objection to using it for rice farming. He would have to spend some money leveling before it could be farmed for rice. He could drill wells on his own land for water for rice farming. The cost of the wells would not be very much, considering the money to be made off of rice.

On motion of appellee, the court instructed the jury to disregard all testimony about what this land might be used for, "for rice farming purposes, I am getting down to rice because that is the only testimony introduced, and you are to disregard that as too speculative and too remote."

Later, appellants' witness Poole, on cross-examination, testified that appellants' property just looked like flat prairie land out there and would be good for either grazing or rice. He was not further examined as to its adaptability for rice growing.

In Continental Pipe Line Co. v. Kiel, Tex.Civ.App., 227 S.W.2d 825, 828, this court in an opinion by Associate Justice Speer held: "The test seems to be that the owner may show uses his land was suitable for or adaptable to affecting its value under the facts and circumstances existing at the time condemnor's acts occurred. This is true whether the owner had chosen to avail himself of the situation or not. If the value existed it belonged to him and the condemnor could not take it from him without just compensation."

The Supreme Court in State v. Carpenter, 126 Tex. 604, 89 S.W.2d 194, 200, stated: "Generally, it may be said that it is proper as touching the matter of the value and depreciation in value to admit evidence upon all such matters as suitability and adaptability, surroundings, conditions before and after, and all circumstances which tend to increase or diminish the present market value." The general rule stated in 18 Amer.Jur., p. 991, sec. 347, is that proof is admissible to show the adaptability of the property for particular uses as proper elements for consideration in estimating the value of the land condemned.

In City of Austin v. Cannizzo, 153 Tex. 324, 267 S.W.2d 808, 815, it was held that the trial court was correct in admitting evidence of the suitability and adaptability of a small part of the property involved for a shopping center although there was then in existence a zoning ordinance which prohibited the use of the land for a shopping center. "The jury could weigh the effect of the restriction against the prospective use," the court held.

In City of Tyler v. Ginn, Tex.Civ.App., 225 S.W.2d 997, 998, the court held: "There seems to be no question but that appellees

are entitled to the highest value for which the property is adaptable."

This court, in City of Fort Worth v. Charbonneau, Tex.Civ.App., 166 S.W. 387, pointed out that the owner testified that the condemned land was bottom land susceptible to irrigation; that his other land was principally adapted to grazing. It was held that as bearing upon the weight of his testimony the jury could properly consider the fact of the owner's long residence, and his consequent familiarity with the subjects about which he testified; that even the fact he had raised his family upon the property tended to show adaptability to homestead uses. It was held reversible error in Young v. Jefferson County, Tex.Civ.App., 164 S.W.2d 51, to exclude testimony that the land involved, which at the time of condemnation was being used as pasture, was adaptable to various other uses.

■ It is a general rule that the value of land condemned is not to be estimated simply with reference to the condition in which the owner has maintained it or for the use to which it is at the time applied, but with reference to any use to which it is reasonably adapted. 29 C.J.S. Eminent Domain § 160, p. 1024.

■ Culver testified the land was adaptable to rice farming. The fact that part of the land had been rice-farmed in the past was some evidence of its adaptability to such farming. The fact a prior adventure, by another person, was unprofitable did not make incompetent appellant's testimony that the land is adaptable to rice farming. It is well known that one man will get rich while another will fail in conducting the same business upon the same property. The fact that appellants would have to drill a

well or wells, or contract with a third party to get sufficient water, and the fact that some leveling would have to be done to make the 211 acres ready for rice growing merely go to the weight of appellant's testimony that the land was adaptable to rice farming. Appellants' witness Poole testified, without objection, that the land was suitable to rice growing, yet such testimony availed appellants nothing for the court's previous instruction to the jury not to consider any evidence concerning rice was a barrier to consideration by the jury of Poole's evidence.

We think the evidence was clearly sufficient to be considered by the jury as to whether or not the land was reasonably adaptable for rice farming. It is immaterial that appellants had not used the land for rice farming. If the land was so adaptable the value existed and the land owner was entitled to such value.

■ It may well be that the jury would not have believed the land adaptable to rice farming; nevertheless, the jurors were the exclusive judges of the credibility of the witnesses and the weight to be given their testimony. Had the jury been permitted to consider the evidence concerning rice farming and believed that it was so adaptable, then of course such adaptability would have been a proper element to be considered in determining the market value of the land taken and the depreciation, if any, of the remainder.

The court erred in excluding the evidence.

The judgment is reversed and the case remanded for a new trial.

Reversed and remanded.