**CITY OF IRVING, Texas, Appellant,**

v.

**Artie Lee CASTER et al., Appellees.**

**No. 16599.**

Court of Civil Appeals of Texas.

Dallas.

Nov. 26, 1965.

Rehearing Denied Dec. 24, 1965.

C. J. Taylor, Jr., City Atty., and John F. Boyle, Jr., Asst. City Atty., Irving, for appellant.

McKool & McKool and Bill Jones, Dallas, for appellees.

BATEMAN, Justice.

Our former opinion is withdrawn and the following substituted therefor.

The City of Irving, Texas acquired by eminent domain proceedings an easement fifteen feet wide across appellees' 24-acre tract of land for water and sewer mains and other public purposes. The jury found in response to special issues that the reasonable market value of the strip in the "permanent" easement, considered as severed land, was: (1) immediately prior to the taking $1,362 and (2) immediately after the taking $340.50; that the value of the remainder of the land, exclusive of the strip

taken, was: (3) immediately prior to the taking $142,638 and (4) immediately after the taking $140,106.50; and (5) that appellees were entitled to $100 for the use and damages for the temporary working easement during the construction of the mains. The court rendered judgment for appellees for the following items:

| | |
|---|---|
| Damage to easement strip | $1,021.50 |
| Damage to remainder | 2,531.50 |
| Damage for use of temporary easement | 100.00 |
| Total | $3,653.00 |

Appellant complains only of that part of the judgment which awards to appellees $2,531.50 as damage to the remainder. The first and third points of error on appeal say there was no evidence to support that part of the verdict, and the second and fourth that the findings in response to Special Issues 3 and 4 were against the weight and preponderance of the evidence and "completely out of the range of the probative testimony."

To show support for the findings in question appellees rely on the testimony of the appellee Artie Lee Caster, the landowner, and one Otis Davenport. It is our opinion that their testimony, weighed along with the other evidence in the case, is factually insufficient to support the findings. In re King's Estate, 150 Tex. 662, 244 S.W.2d 660.

Caster testified that in his opinion the front 17 acres of his property had a value of $8,000 per acre before the taking, and that the existence of the easement would in his opinion decrease the market value of the property at least $500 per acre. However, he also testified that he was still asking $8,000 per acre for the 17 acres, that that is what he thinks it is worth, that he will not take less than that and expects to receive $8,000 per acre. He did not at any time testify that the entire remainder of his property had a market value of any certain sum of dollars, either before or after the acquisition of the easement.

However, it having been stipulated that the permanent easement occupied 9,913 square feet, or .227-acre, counsel for appellees argue that by mathematical calculations based upon this testimony it is possible to interpret it as expressing an opinion that the land, exclusive of the easement strip, had a market value of from $190,000 to $207,105 before taking, and of between $178,000 and $195,000 after the taking. We do not agree with appellees, for several reasons.

■ First, Caster's evaluation, as he volunteered several times to make clear, does not relate to the entire tract, less the strip taken, but only to 17 acres thereof. This can hardly be said to support a jury finding which relates to the entire remainder.

■ Moreover, when he said that in his opinion his property had been "damaged" $500 an acre by the easement he did not relate this figure to market value. It is no more than the type of conclusion condemned by the San Antonio Court of Civil Appeals in Tennessee Gas & Transmission Co. v. Zirjacks, Tex.Civ.App., 244 S.W.2d 837, wr. dism., where that court, speaking through Mr. Justice Norvell, said:

"One claiming damages to land must show the nature of the damage, the effect upon various portions of the tract and the relationship of the same to market value. A mere conclusion as to market value is insufficient for this purpose."

■ The witness Davenport qualified as an expert real estate appraiser and testified that before the easement was taken the 9 acres fronting on Belt Line Road had a value of $8,500 an acre, or $76,500, and that the rear 14 acres had a value of $4,000 per acre, or $56,000, making a total valuation of $132,500. He further testified that in his opinion the front 9 acres were damaged $500 per acre by the taking of the easement and that no damage was done to the rear 14 acres, so that the value of the entire

tract after the taking was $128,000, or $4,500 less than the total value before the taking. We regard this testimony as being factually insufficient to support the findings in question, for the valuations given by this witness were substantially less than the values found by the jury in answer to Special Issues 3 and 4, and, therefore, cannot be said to support those findings.

■ The first and third points of error, being "no evidence" points, are overruled since the record is not devoid of evidence of damage to the remainder; but the second and fourth points, that the findings in response to Special Issues 3 and 4 were so against the weight and preponderance of the evidence as to be manifestly unjust, and completely out of the range of the probative testimony, are sustained. This requires that the judgment be reversed and remanded for another trial.

By its fifth point of error the appellant complains of the action of the trial court in excluding from consideration by the jury of a comparable sale which had been offered by appellant's value witness, Mr. John Wall. While Mr. Wall was under direct examination the details of a sale from one Pearl White and others to A. J. Rivers, were brought out and the witness testified that that property, which was in the area of the property in question, sold in November 1961 for $1,776 per acre. This was offered in support of Mr. Wall's valuation of the remainder of the tract, both before and after the taking, at $80,940. The evidence was admitted without objection, but on cross-examination counsel for appellees brought out from the witness that he had not ascertained that the sale had been a free and open sale, whereupon it was moved that the sale be excluded and the jury instructed not to consider it, which motion was sustained. In making its bill of exceptions to the exclusion of this sale appellant's counsel asked the witness Wall if he had discussed the matter with the vendee, Mr. Rivers, and the witness testified that he had done so (apparently at a recess after the sale had been excluded) and that Mr. Rivers *thought* that it was a free and open sale. The witness also then testified that it was a free and open sale, that he knew it was because he talked with the purchaser, A. J. Rivers, and that he also examined the deed. Appellant then re-offered the alleged comparable sale and it was again excluded.

■ Appellant has not carried the burden of showing error in this ruling. No showing was made that the purchaser had any opportunity to know what pressures or urgencies the sellers may have been laboring under in making the sale. Nor was it shown what light the language of the deed may have shed on the question. Therefore, the fifth point of error is overruled.

■ Appellant's sixth point complains of the exclusion from evidence of certain ordinances of the City of Irving, which were offered to counteract appellees' contention that the value of the remainder of his land was lessened by his asserted inability to connect to the sewer line in the easement strip. A number of ordinances were offered. Some were admitted, others excluded. We are of the opinion that those admitted show a right in owners of land both in and out of the city to connect their property to available sewer mains such as that here involved. The excluded ordinances merely give in greater detail the conditions and charges incident to the making of such connections, rates, etc. If it was error to exclude them, such error was obviously harmless. Rule 434, Texas Rules of Civil Procedure. The sixth point is overruled.

Appellant's seventh and last point of error states that the cumulative effect of all of the errors complained of in the first six points caused the rendition of an improper judgment in that they caused the jury to render an unjust verdict. In view of our disposition of the case, we need not consider this point.

Reversed and remanded.