**Elmer M. CANNON et ux., Appellants,**

**v.**

**The STATE of Texas et al., Appellees.**

**No. 15824.**

Court of Civil Appeals of Texas,
Houston (1st Dist.).

Nov. 11, 1971.

**326** ■

------♦------

Wiley Thomas, Angleton, for appellants; Jonathan Day, Butler, Binion, Rice, Cook & Knapp, Houston, of counsel.

Ogden Bass, Crim. Dist. Atty., A. B. Crowther, Jr., James E. Coate, Asst. Crim. Dist. Attys., Angleton, for appellees.

COLEMAN, Justice.

Eminent domain proceeding brought by the State of Texas against Elmer M. Cannon to acquire the surface of 29.821 acres for the construction of State Highway No. 288, or SH 288 Freeway. This taking divided the original 1,109.47 acre tract of Elmer Cannon into two smaller parcels consisting of 140.739 acres (west half) and 779.440 acres (east half).

Both sides filed objections to the award of the special commissioners. After trial to a jury in the District Court of Brazoria County, a judgment was entered based on the jury findings that the market value of the Cannons' 29.821 acres, which were taken by condemnation, was $22,365.75, and that the market value of the 779.440 acres remaining in the eastern tract was decreased by $19,486.00. Appellants did not claim damages to the western half. The appellants have duly perfected their appeal from the judgment entered.

Appellants' first point of error complains that the jury's answer to Special Issue No. 3 is against the great weight and preponderance of the evidence. In Special Issue No. 3, the jury was asked the market value of the 779.440 acres remaining in the tract east of the 29.821 acres taken immediately after the taking. The jury's answer was $565,094.00. In Special Issue No. 2, the jury

was asked the market value of the above 779.440 acres immediately before the taking. The jury's answer was $584,580.00. Thus the jury found that the difference was $19,486.00 or $25.00 an acre damage.

■ In passing on the great weight points you consider all the evidence. City of Pearland v. Alexander, 468 S.W.2d 917 (Tex.Civ.App., 1971, no writ hist.). The amount of damages is always a question of fact for the jury, and unless it is so excessive or so grossly inadequate as to indicate operation of an improper influence in determination of the amount, the jury finding will not be disturbed on appeal. Medrano v. City of El Paso (Tex.Civ.App.), 231 S.W.2d 514; Thompson v. James (Tex. Civ.App.), 245 S.W.2d 718, affirmed by Supreme Court, 151 Tex. 495, 251 S.W.2d 953; Texas Electric Service Co. v. Campbell (Tex.Civ.App.), 328 S.W.2d 208, reversed on other grounds, 161 Tex. 77, 336 S.W.2d 742.

In the case at bar, the jury had the benefit of the testimony of three expert witnesses as to the value of the 779.440 acre east remainder.

Appellants used only one expert witness, Sid Holdredge, a professional real estate appraiser. He testified that the west half would be undamaged, but that the east half, which he said was worth $1,000.00 per acre before taking, is now worth only $500.00 per acre. Mr. Holdredge emphasized the fact that the entire tract, before the taking, had access to County Road 48 along all the 2,700 feet of frontage, and that after the taking the eastern remainder had frontage for only a short distance on an access road to be constructed. It was his opinion that the difference in the frontage caused the reduction in value of the remainder.

The question of frontage was clearly presented to the jury. It was shown that prior to the taking the entire property was cut off from County Road 48 by an irrigation ditch. The ditch was bridged at one point where a dirt road entered the property. There was testimony that the ditch

was on Mr. Cannon's land, and that the canal was used by South Texas Water Company. One witness testified that he did not not think anyone knèw who owned the canal. Mr. Cannon testified that he had not given any canal company an easement for a canal.

Appellees' expert witnesses were H. I. Dingle and Waldo Luderman. Mr. Dingle testified that there would be no damages to either the west or east tract, and further that the land would be enhanced since it is now next to a freeway and the land will be adequately serviced by the access road to be built by the State. Mr. Luderman testified that there would be no damages to the east or west tracts, and that the value of the land both before and after was $500.-00. He used the comparable sales method to arrive at his opinion of the value of the subject property, and used sales which averaged over 200 acres each. He also stated that the east half would be adequately served by the new access road, which the State was going to build.

■ A road through the property was built and maintained by Mr. Cannon. It is clear from the evidence that he could construct a road, connecting with the access road to be built by the State, which would provide access to all of the eastern remainder. The jury reasonably might have been of the opinion that the eastern remainder had been reduced in value only to the extent of $25.00 per acre.

■ While there is considerable difference of opinion between the expert witnesses as to the value of the land and of the eastern remainder, both before and after taking, the evidence presented and the record as a whole indicate that the verdict of the jury is not inadequate and it is not so against the overwhelming weight and preponderance of the evidence as to be manifestly unjust or wrong.

In City of Houston v. Hendrix, 374 S.W. 2d 764 (Tex.Civ.App., ref., n. r. e.), Justice Hughes quoted Associate Justice Gray in State v. Haire, 334 S.W.2d 488 (Tex.Civ. App., writ ref., n. r. e.), as to the view of the function of opinion evidence:

"The market value of property necessarily is a matter of opinion. McCormick & Ray, Texas Law of Evidence, § 1422, Vol. 2, p. 256; 16 Tex.Jur. p. 584, § 255. The testimony of witnesses qualified to express their opinions as to the market value of property is admissible to aid the jury in determining such value, however, the jury is not bound by such testimony. Nass v. Nass, 149 Tex. 41, 228 S.W.2d 130. In Coxson v. Atlanta Life Ins. Co., 142 Tex. 544, 179 S.W.2d 943, 945, it is said:

"The opinion testimony of experts, although persuasive, under most circumstances is not conclusive. It is peculiarly within the province of the jury to weigh opinion evidence, taking into consideration the intelligence, learning, and experience of the witness and the degree of attention which he gave the matter. The judgments and inferences of experts or skilled witnesses, even when uncontroverted, are not necessarily conclusive on the jury or the trier of facts, unless the subject is one for experts or skilled witnesses alone where the jury or the court cannot properly be assumed to have, or be able to form, correct opinions of their own based upon the evidence as a whole and aided by their own experience and knowledge of the subject of inquiry.'

"In Maryland Casualty Co. v. Hearks, 144 Tex. 317, 190 S.W.2d 62, 64, it is said:

" 'Jurors in weighing the evidence before them have a right to use their common knowledge and experience in life. If the opinions of the experts as given in evidence do not comport with the jurors' ideas of sound logic, the jurors have a right to say so. Otherwise there could not be a free discussion of the evidence in the jury room . . .'

"The answer of the jury to the issue is within the limits of the market value of

property as testified to by the witnesses. It is true that no witness testified that such value was $53,000. However, this was not necessary in order for such answer to find support in the evidence. State v. Littlefield, Tex.Civ.App., 147 S.W.2d 270, er. dism. j. c. If the above rules were not applicable then opinion evidence would control rather than aid the jury in determining market value."

Appellants' point of error two complains that the cumulative and systematic violation of evidentiary rules by the State's Attorney denied appellants a fair trial. The appellants say the attorney for the State went outside of the record, outside of certain agreements, and made statements concerning collateral agreements which were calculated to injure the appellants, thus resulting in great prejudice to appellants.

The primary complaints referred to appellees' attempt to get before the jury the fact that appellee was negotiating with the South Texas Water Company concerning canals crossing the right of way of the proposed highway. These questions were in response to testimony elicited by appellants concerning damage to the remainder lands which would be caused by loss of irrigation water.

In its trial petition appellees plead: ". . . it is . . . the agreement of Plaintiff by these pleadings that where an existing canal or drainage ditch has been constructed and is in existence . . . it shall be the duty of the Texas Highway Department to construct and maintain such necessary structure . . . within the right of way lines as would adequately serve the irrigation canal or drainage ditch . . . at its own cost, in such manner that the canal or drainage ditch will not . . . be injured . . ." This undertaking was recited in the judgment, and the Texas Highway Department was ordered to implement it.

The objection made to each of the questions, of which complaint is made, was sustained by the court, and the questions were not answered. The questions were not of such an inflammatory nature that the impression made thereby on the minds of the jurors could not have been cured by an instruction from the court. Considering the nature of the questions asked and the record as a whole, we are of the opinion that the error in asking such questions, if any, did not amount to such a denial of the rights of appellants as to cause the return of an improper verdict or rendition of an improper judgment. Rule 434, Texas Rules Civil Procedure; City of Denison v. Corcoran, 253 S.W.2d 321 (Tex. Civ.App.—Austin 1952); City of Teague v. Stiles, 263 S.W.2d 623 (Tex.Civ.App.— Waco 1953, writ ref., n. r. e.); City of Corpus Christi v. Mayes, 285 S.W.2d 236 (Tex.Civ.App.—San Antonio 1955).

Affirmed.