**Bessie SILBERSTEIN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 12235.**

Court of Civil Appeals of Texas, Austin.

April 16, 1975.

Rehearing Denied May 14, 1975.

Robert W. Norris, Phillips & Norris, Austin, for appellant.

John L. Hill, Atty. Gen., Watson C. Arnold, Asst. Atty. Gen., Austin, for appellee.

PHILLIPS, Chief Justice.

This is a condemnation case involving a partial taking of property adjacent to and on the east side of Interstate Highway 35 in Austin, Travis County, Texas. The case was tried before a jury that found the value of the land taken was $153,894.00; that the value of the entire tract prior to the taking was $208,235.20; and that the value of the remainder after taking was $54,341.20. These findings were in answer to special issues numbers 1, 2 and 3. The court entered judgment accordingly. We affirm this judgment.

Appellant is before us on a number of points of error. The first of which complains that there is no evidence, consequently, insufficient evidence, of probative value on which the jury could base its answer to special issues numbers 1, 2 and 3. Appellant also maintains that the jury's verdict with respect to these issues is so contrary to the overwhelming weight and preponderance of the credible evidence as to make it manifestly wrong and unjust. We overrule these points.

The jury's findings in response to the three special issues were as stated above. The effect of the jury's verdict is that there was no damage to the remainder.

The State's expert witness Tieken valued the whole property prior to the date of taking at $182,200.00. He valued the part taken at $134,650.00. The remainder before taking was valued at $47,550.00. These values were based on a unit figure of $3.50 per square foot. He testified that there was no damage to the remainder.

Appellant's expert witness Reed valued the whole property at $368,489.00 and the part taken at $280,185.00. He valued the remainder before taking at $88,305.00, and the value of the remainder after taking at $40,756.00. It was his opinion that there was approximately $47,000.00 worth of damage to the remainder. Appellant offered another value witness who testified that the market value of appellant's remainder after taking was $33,960.00.

Appellant relies on Roberts v. State of Texas, 350 S.W.2d 388 (Tex.Civ. App.1961, no writ), wherein the court reversed a condemnation award made in the trial court because it was so contrary to the great weight and preponderance of the evidence as to be manifestly wrong and unjust. Here (as in the case at bar) the jury found that the remainder had a value greater than that found by any of the witnesses. Also see City of Irving v. Caster, 397 S.W.2d 952 (Tex.Civ.App.1965, no writ). In view of the facts before us, the

jury's finding on the value of the remainder does not require us to reverse this case. The principles announced in *Roberts* first restrict the jury only to the *lowest* figure testified to when finding the value of the remaining land after taking. Secondly, we note that *Roberts* cites many cases with approval holding that a jury is at liberty to reach its conclusion by blending all of the evidence admitted before them, aided by their own experience and knowledge of the subject of inquiry; that they are not compelled to accept all the testimony of any witness or to reject it all. Moreover, opinion evidence is not conclusive and a jury may consider and accept or reject such opinions or it may find its own opinion from evidence and by utilizing its own experience in matters of common knowledge. While we do not necessarily commit ourselves to the first proposition announced in *Roberts,* we do accept the second as the law in Texas and will apply it accordingly.

■ The trial of this case lasted six days during which the jury heard extensive and complicated testimony pertaining to the value of appellant's property. The State's appraisal witness Tieken is an independent fee appraiser with a master's degree and sixteen years' experience in the field. He based his opinion of value on a study of comparable sales located near the subject property on the same side of Interstate Highway 35. The comparable sales which Mr. Tieken relied on sold for $2.53, $3.16, $3.89 and $3.51 per square foot.

After evaluating the comparable sales offered in evidence, Mr. Tieken testified that the whole property had a market value of $182,200.00. He then valued the part taken at $134,650.00 and the remainder before the taking at $47,550.00. He valued the remainder after the taking at $47,550.-00. These values were based on a unit figure of $3.50 per square foot.

Tieken further testified that, in his opinion, there was no damage to the remainder as a result of the taking. He based this

opinion on the fact that the remaining land would still have excellent access to the frontage road going into 19th Street. Furthermore, he stated that the lay of the land, the angle of the street and the twenty-foot alley at the rear of the property were all very similar to the remainder before taking. Tieken further testified that in his opinion there was even a possibility that the value of the remainder was enhanced by the taking.

The evidence established the fact that generally property on the east side of Interstate Highway 35 is of less value than that on the west side. The subject property is on the east side. Nonetheless, appellant's value witness Reed testified to sales of property, not only on the west side of the highway, but property located in an area where values are generally higher than those in which the subject property is located. Witness Reed explained this discrepancy by stating that the subject property was in same traffic flow with that of higher value. Be that as it may, the jury, evidently, thought otherwise.

The jury was not required to accept any specific figure testified to by any one witness. It was free to accept or reject the testimony of any witness and to reach its own conclusion by blending all the evidence, aided by its common sense and experience. Roberts v. State, *supra.* Indeed, the higher figure found by the jury inured to appellant's benefit so she should not be heard to complain here. See Cannon v. State, 473 S.W.2d 325 (Tex.Civ.App.1971, no writ).

Appellant also complains that the testimony of her several witnesses as to the value of the buildings on the subject property was disregarded by the jury in making its award. We overrule this contention for two reasons. First, the comparables offered by the State included buildings. Secondly, there was evidence presented by Tieken that the buildings had no value. He based this testimony on the fact that the value of the subject land had increased

to the point where the buildings thereon would no longer produce an acceptable return on this increased value. Consequently, the point had been reached where it would actually benefit the land to raze the buildings. Again, the jury believed this testimony and we have no valid reason but to affirm the finding. In summation, we hold that there was ample evidence upon which the jury based its findings to the special issues in question.

Next we move to appellant's point urging error in the trial court in admitting the estate tax return and the inventory of the estate of Sam Silberstein in evidence over appellant's objection. We overrule this point.

■ The tax return and inventory were used by appellee to impeach appellant's value witness Reed's testimony. There was no predicate laid for the introductory of these documents which appellee maintains were admissible under authority of Art. 3726, Vernon's Civil Statutes. Appellant contends that appellee did not comply with the notice requirements of the statute and, further, that this statute only allows such records to be offered in evidence without the necessity of proof of execution provided that such instruments are otherwise admissible. We have no quarrel with this statement of the law, nonetheless, it is our opinion, pretermitting any discussion of the admissibility of the inventory which, we believe, is irrelevant here, that the tax return was admissible. A rendition of taxes made by a landowner may be introduced at trial to show a variance in market value from that claimed by the landowner. Boyer and Lucas v. St. Louis, S. F. & T. Ry. Co., 97 Tex. 107, 76 S.W. 441 (1903). The basis for admissibility in that case, not a condemnation proceeding, was as an admission by a party. The rule in *Boyer* has been applied in condemnation cases where tax renditions of the subject property made by a landowner-condemnee or his agent are admissible (if offered by the condemnor) as either an admission of a party, and/or as a circumstance tending to show the market value of the property.[1]

For our purposes, we can see no difference between a tax return and a tax rendition. Here the return was not introduced by the landowner, but counsel for appellee introduced the return under Art. 3726, Vernon's Civ.St.Ann. We must agree with appellant that the State failed to give the proper notice required by the statute; however, under the record before us, while this was error, it was harmless error. Rule 434, Texas Rules of Civil Procedure. See Hinton v. Uvalde Paving Co., 77 S.W.2d 733 (Tex.Civ.App.1934, writ ref'd); Miller v. Unsicker, 5 S.W.2d 624, 625 (Tex.Civ. App.1928, no writ).

■ We turn next to appellant's point which asserts the error of the trial court in allowing appellant's witnesses to answer questions asked them by counsel for the State as to the total amount of compensation appellant would be entitled to receive if the jury accepted their opinion of the market value of the whole property prior to taking, the market value of the part taken, the market value of the remainder immediately before taking, and the market value of the remainder immediately after

1. See: Burton Lumber Corp. v. City of Houston, 45 Tex.Civ.App. 363, 101 S.W. 822, 827 (1907, writ ref'd); State v. Doom, 278 S.W. 255, 256 (Tex.Civ.App.1925, no writ); Aue v. State, 77 S.W.2d 606 (Tex.Civ.App. 1934, writ ref'd); Dickens County v. Dobbins, 95 S.W.2d 153 (Tex.Civ.App.1936, no writ); Wise v. City of Abilene, 141 S.W.2d 400, 404 (Tex.Civ.App.1940, writ dism'd jdgmt cor.); Joyce v. Dallas County, 141 S.W.2d 745, 746 (Tex.Civ.App.1940, no writ); West v. State, 150 S.W.2d 363, 368 (Tex.Civ.App. 1941, no writ); Abramson v. City of San Angelo, 210 S.W.2d 476, 478 (Tex.Civ.App. 1948, writ dism'd); Medrano v. City of El Paso, 231 S.W.2d 514, 515 (Tex.Civ.App.1950, no writ); Camp v. Commissioners' Court of El Paso County, 279 S.W.2d 927, 928 (Tex.Civ.App.1955, writ ref'd n. r. e.); Culver v. State, 324 S.W.2d 921 (Tex.Civ.App. 1959, no writ); McFaddin v. State, 373 S.W. 2d 259, 263 (Tex.Civ.App.1963, writ ref'd n. r. e.).

the taking on the ground that the question and the answer thereto informed the jury of the effect of their answers to the special issues submitted them by the court. Appellant also assigns error to the argument to the jury by counsel on behalf of the State which informed the jury of the effect of their answers to the special issues submitted to them by the court. We overrule these points.

In the first place, in both points stated above, the testimony complained of told the jury nothing which, if comprised of persons of ordinary intelligence, they could not have figured out for themselves. Thus, we have no error here. McGaddin v. Hebert, 118 Tex. 314, 15 S.W.2d 213 (1929); Ex Parte Fisher, 146 Tex. 328, 206 S.W.2d 1000 (1947); Fort Worth & D. C. Ry. Co. v. Kiel, 195 S.W.2d 405 (Tex.Civ.App.1946, writ ref'd n. r. e.)

■ In the next place, there was no objection to the jury argument complained of, and therefore any objection was waived. Cooper v. Argonaut Insurance Co., 430 S.W.2d 35 (Tex.Civ.App.1968, writ ref'd n. r. e.).

■ We also overrule appellant's point complaining of the jury argument of counsel for the State to the effect that the money compensation they would be awarding would be their tax money, thereby appealing to the bias and prejudice of the jury. Again, appellant failed to object, thereby waiving any possible error. *Cooper,* cited above. In any event, if such argument was error under the record before us, it was harmless error under Rule 434, Texas Rules of Civil Procedure.

Finally, we overrule appellant's points assigning the error of the trial court in granting the State's motion to correct certain clerical defects in the judgment signed on June 26, 1974, after the amended motion for new trial had been overruled on June 18, 1974. Appellant contends that this judgment was not approved by her nor was it entered *nunc pro tunc.*

■ Because the judgment was not yet final, 30 days not having passed[2] since the order overruling the motion for new trial was issued, the trial court had power to vacate, correct, amend or modify the judgment. Whisenant v. Fidelity & Casualty of New York, 354 S.W.2d 683 (Tex. Civ.App.1962, writ ref'd n. r. e.). This power to correct the judgment to show the true judgment rendered is inherent in the court and does not depend on any statute. Dubert v. Adkins, 475 S.W.2d 383 (Tex. Civ.App.1971, no writt); Payton v. Hurst Eye, Ear, Nose & Throat Hosp. & Clinic, 318 S.W.2d 726 (Tex.Civ.App.1958, writ ref'd n. r. e.). This is a plenary power and the court was not required to give notice to the parties. Liddell v. Blevins, 244 S.W.2d 335 (Tex.Civ.App.1951, writ ref'd n. r. e.); Gulf, C. & S. F. Ry. Co. v. Morrow, 66 S.W.2d 481 (Tex.Civ.App.1933, writ dism'd); Daniel v. Sharpe, 69 S.W.2d 508 (Tex.Civ.App.1934, no writ).

The judgment of the trial court is in all things affirmed.

Affirmed.

SHANNON, Justice (concurring in part and dissenting in part).

In point of error seven appellant complains that in the argument to the jury the attorney for the State stated, "As you know, in handling anything for the State, I'm just not handling my property or your property, or anybody else's property, I'm handling the property and the money of all the people." Counsel for the State also said, ". . . and if you were handling it, which you are now, the people's money, how it should be put." No objection was made at the time of the argument and the court gave no instruction to disregard it.

In her brief appellant maintains that the quoted argument is to be condemned for

---

2. See Rule 329b, subdivisions 5 and 6(c), Texas Rules of Civil Procedure.

the reason that it was a direct appeal to the self-interest and prejudice of the jury and that it was an invitation to the members of the jury to align themselves with a party in the case.

Counsel's argument did invite the jurors to consider their own self-interest in returning the verdict. As such, the argument was plainly improper and should not have been made. Robards v. State, 285 S.W.2d 247 (Tex.Civ.App.1955, writ ref'd n. r. e.), West v. State, 150 S.W.2d 363 (Tex.Civ.App.1941, no writ), State v. Bryan, 518 S.W.2d 928 (Tex.Civ.App.1975 no writ), 33 A.L.R.2d 442, 19 A.L.R.3rd 694, 702.

The question raised by appellant's point is whether a reversal should be ordered in the absence of a timely objection by appellant to counsel's improper argument. The Supreme Court has stated the problem in Otis Elevator Company v. Wood, 436 S.W.2d 324 (Tex.1968):

"Improper jury arguments are usually referred to as one of two types: 'curable' or 'incurable.' A jury argument is 'curable' when the harmful effect of the argument can be eliminated by a trial judge's instruction to the jury to disregard what they have just heard. The error is 'cured' and rendered harmless by the instruction. On the other hand, an argument may be so inflammatory that its harmfulness could not be eliminated by an instruction to the jury to disregard it. The prejudicial nature of the argument is so acute that it is 'incurable.'

"If the argument is of a 'curable' nature, an objection to it must be promptly made and an instruction requested or the error is waived. But if the argument is 'incurable,' the failure to object does not result in a waiver. The reasoning is that 'counsel making the argument is the offender so the law will not require opposing counsel to take a chance on prejudicing his cause with the jury by making the objection.' Smerke v. Office

Equipment Co., 138 Tex. 236, 158 S.W.2d 302 (Tex.Com.App.1941).''

I am of the opinion that appellee's argument was of the "curable" variety. By not objecting to the argument, appellant waived her right to complain on appeal. Had timely objection been made and overruled, I would vote to reverse the judgment.

Upon confrontation with an improper jury argument, counsel has to make one of a trial lawyer's immediate and difficult decisions, whether or not to object. In the case at bar appellant's counsel must have chosen to try to answer the argument on rebuttal. He must have concluded that to object and ask for an instruction to disregard would have emphasized the argument in the minds of the members of the jury. See McNeil v. Current, 484 S.W.2d 394 (Tex.Civ.App.1972, writ ref'd n. r. e.).

An instruction to disregard of course, would not make the jury ignorant of the argument. No one pretends that it would. We must assume, however, that, having knowledge of the argument and the matters involved in it, the jury would have obeyed the court's instruction and would not have permitted that knowledge to affect their verdict. The prejudice in counsel's argument would then have been eliminated. When improper argument is of the "curable" variety the question of harm is not reached, if the proper steps are taken to remove its prejudicial effect (an objection and instruction to disregard) no prejudice remains to be harmful. And if no objection is made, thus calling forth remedial measures from offending counsel and the court, the complaining party is held to have waived his right to have the question of harm reviewed. Southern Pacific Company v. Hubbard, 156 Tex. 525, 297 S.W.2d 120, 131 (1956), (Dissenting Opinion of Justice Robert Calvert).

Appellant's forth point of error complains of the trial court permitting appellee to introduce into evidence the inheritance tax return and the inventory of the estate

of appellant's deceased husband, Sam Silberstein. Counsel for appellee tendered that evidence pursuant to Tex.Rev.Civ. Stat.Ann. Art. 3726.

Art. 3726 permits the placing into evidence certain instruments which are permitted or required by law to be recorded by the county clerk without proof of execution. That article requires the party, offering such instrument in evidence, to file the same among the papers of the suit at least three days before the commencement of the trial, and to give notice of such filing to the opposite party or counsel. Appellee did not comply with Art. 3726 by filing the inheritance tax return and the inventory of the estate or by giving notice to appellant.

Because appellee did not comply with Art. 3726, it was error for the court to admit appellee's evidence. Hinton v. Uvalde Paving Co., 77 S.W.2d 733 (Tex.Civ.App. 1934, writ ref'd), Johnson v. Stickney, 152 S.W.2d 921 (Tex.Civ.App.1941, no writ), Watson v. Toler, 153 S.W.2d 506 (Tex. Civ.App.1941, no writ), Mata v. Rangel 432 S.W.2d 146 (Tex.Civ.App.1968, writ ref'd n. r. e.).

The majority opinion treats the error of the court in the following fashion, ". . . under the record before us while this was error, it was harmless error. Rule 434, Texas Rules of Civil Procedure." I cannot agree that the error was harmless.

In this case, as in most condemnation cases, opinion testimony as to valuation of the property was of great importance. One of the legitimate objects of opposing counsel is to undermine the credibility of the value witness in the view of the jury. In my judgment appellee's counsel employed the valuation figures in the inventory and inheritance tax return in a telling

and an effective manner calculated to discredit the testimony of George Reed. Reed had testified on direct that the value of the whole property before the taking was $368,489. Appellee's counsel required Reed to read to the jury the value of the same property contained in the inventory and tax return and to "adjust" that figure to the date of the taking. The "adjusted" figure given by Reed was $145,622, a difference of $222,867 from the figure he gave on direct examination. The jury answered that the value of the whole tract before the taking was $208,235.20, a difference of $160,253.80 from the value assigned by Reed.

In argument appellee's counsel naturally emphasized the apparent inconsistency of appellant's placing one value on the property for inheritance tax purposes and another value for condemnation purposes. It doubtless seemed incongruous to the jury that there would be so much difference ". . . between the receiving end in damages, and the paying end in taxes . . ." Rayburn, Texas Law of Condemnation, § 144(1) (1960).

Had appellee complied with Art. 3726, appellant would have had notice that appellee intended to use the inventory and inheritance tax return. Appellant then would have had the opportunity to prepare to meet and explain away, if she could, the inconsistency between the tax figures and her position as to value in the condemnation suit.

The evidence admitted in violation of Art. 3726 was important and, in my opinion, convincing to the jury. It was not merely cumulative as in Hinton v. Uvalde Paving Co., *supra*. The error of the court was made in direct contravention of the statute, and should, under the circumstances of this case, require reversal.